## City of Bloomington

*v.*

## Ann Goodrich.

Pleading and evidence—*what will amount to a variance.* In an action on the case, against a municipal corporation, it was alleged in the declaration that the plaintiff had received injuries in consequence of a portion of the sidewalk being out of repair, "to-wit, by some of the planks being broken, so that large and deep holes were in said walk, and the surface of the same became, and was, very rough, irregular and uneven," etc. The proof failed to show that any of the planks in the sidewalk were broken, but, on the contrary, it showed that the only defect in the sidewalk was that two of the planks were removed therefrom: *Held*, there was a fatal variance between the allegation and proofs.

Appeal from the Circuit Court of McLean county.

This was an action on the case, by Ann Goodrich, against the city of Bloomington, for an injury alleged to have been sustained by plaintiff on account of the defective condition of a sidewalk. Upon trial, the jury returned a verdict for $4500. Judgment was rendered accordingly. The defendant appealed.

Mr. B. D. Lucas, for the appellant.

Messrs. Weldon & McNulta, and Messrs. Hamilton & Spencer, for the appellee.

Per Curiam: The doctrine is laid down by Chitty (1 Pleadings, 7 Am. ed. 427,) that "if the pleader, though needlessly, describe the tort, and the means adopted in effecting it, with minuteness and particularity, and the proof substantially vary from the statement, there will be a fatal variance, which will occasion a non-suit."

It is alleged in the declaration in this case that appellee received the injury complained of in consequence of a portion of the sidewalk being out of repair, "to-wit, by some of the planks being broken, so that large and deep holes were in said walk, and the surface of the same became, and was, very rough, irregular and uneven," etc. The proof entirely fails to show that any of the planks in the sidewalk were broken, but, on the contrary, it shows that the only defect in the sidewalk was, that two of the planks were removed therefrom.

This was a fatal variance between the allegation and proofs. Hilliard's Remedies for Torts, p. 159, §§ 9, 10, *et seq.; Moss et al.* v. *Johnson,* 22 Ill. 633; *Illinois Central Railroad Co.* v. *McKee,* 43 id. 120.

We are not satisfied, from the evidence in this record, with the amount of the damages assessed. They seem to be excessive. There is evidence showing that appellee was, prior to receiving the injury complained of, affected by a disease, which is not satisfactorily shown to have been permanently cured prior to that time, and from which, we are inclined to believe, she has since suffered, in all probability, quite as much as from the injury by reason of the fall on the sidewalk. For such suffering, appellant can not, of course, be held responsible.

The judgment is reversed and the cause remanded.

*Judgment reversed.*