## Christopher Ebsery v. Chicago City Railway Company.

1.  SPECIAL FINDING—*When it Controls the General Verdict.*—A special finding which negatives the ground of the action, will control a general verdict for the plaintiff.

2.  JUDGMENT—*On Special Finding.*—To entitle the defendant to a judgment upon the special finding where the general verdict is for the plaintiff, such finding must relate to those ultimate facts upon which the rights of the parties depend.

**Trespass on the Case,** for personal injuries.    Appeal from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding. Heard in this court at the October term, 1895.    Affirmed.    Opinion filed December 12, 1895.

D. C. KELLEHER, attorney for appellant.

W. J. HYNES and H. H. MARTIN, attorneys for appellee.

MR. PRESIDING JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The appellant sued the appellee for personal injury received by him while a passenger.    Each count of his declaration alleged that while the car was not moving he was thrown from the car by a team of horses and wagon colliding with him, and then while he was on the ground, the appellee, with notice of his perilous situation, started the car and ran over him.

It is of the very gist of the action of the appellant that when he was thrown off, the car should have been at rest; for while it might have been the duty of the appellant to stop the car if the appellant had been thrown off, while the car was in motion, it could not have been its duty not to start, if the car was then in motion.

The jury found a general verdict in favor of the appellant, but in answer to the special question, "At the time the plaintiff fell, was the grip car in motion?" A. "Yes."

This answer, if true, as on this record we must take it to be, the evidence not being brought up, is decisive of the case.    It negatives the very ground of the action; the cir-

cumstances upon which the duty of the appellee is alleged to have arisen.    Many cases have held, as we held in Chi. & N. W. Ry. v. Dunleavy, 27 Ill. App. 438, S. C., 129 Ill. 132, that to have any effect upon a general verdict, the answer to a special question under the statute of 1887, must relate, not to evidentiary facts, but to those ultimate facts upon which the rights of the parties directly depend; and so far as our observation has extended, this is the first instance which has occurred under that statute where the answer was of that character.    And though at the hearing of this case I hastily said of this answer that it was of no effect, the appellant can not have been misled, for there is no escape from the conclusion that an answer which negatives an essential averment of the declaration—an averment which can not be rejected and leave a statement of any cause of action—is material and controlling.    The judgment is affirmed.