CHRISTOPHER EBSERY

*v.*

THE CHICAGO CITY RAILWAY COMPANY.

*Filed at Ottawa January 19, 1897.*

1. SPECIAL FINDINGS—*requisites of, to control a general verdict—ultimate facts.* A special finding of fact, to control a general verdict, must be of some ultimate fact, or of a fact from which the ultimate fact necessarily follows.

2. SAME—*when special finding is consistent with general verdict.* A special finding that the *driver* of a street car did not know the injured plaintiff was lying by the track when the car was started will not control a general verdict for plaintiff, under a declaration charging that defendant knew the fact in question "through its agents and servants," as the finding is consistent with a knowledge of the fact by the conductor, who really controlled the car.

3. SAME—*instance of special finding held to control general verdict.* Under a declaration against a street car company for crushing plaintiff's hand under a car wheel, which alleged as defendant's negligence that while the car "was stationary and not moving" and plaintiff lying on the ground by the side thereof, where he had fallen, defendant suddenly started the car and injured plaintiff, a special finding that the car was in motion when the plaintiff fell by it will control a general verdict of guilty.

4. SAME—*presumptions not indulged in favor of special findings.* The rule that all reasonable presumptions will be entertained in favor of a general verdict does not apply in aid of special findings.

5. NEGLIGENCE—*must be proved as charged in the declaration.* Where a declaration for a personal injury charges a specific act of negligence as the cause of the injury the precise negligence charged must be proved.

*Ebsery v. Chicago City Railway Co.* 61 Ill. App. 265, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. FRANK BAKER, Judge, presiding.

This is an action brought by appellant against the appellee company to recover damages for a personal injury. The declaration contains two counts, an original count and an additional count; but the allegations in the

two counts are substantially the same, so far as the point involved in this controversy is concerned.

The declaration alleges, that, on the 10th day of November, 1892, the appellee was operating a street railway and cable car system and grip-cars with trailers in Chicago on State street, and that south of Congress street on State street appellant became a passenger upon a grip-car, and trailers attached thereto, upon defendant's road; that "when said car was stopped and was not moving," appellant "alighted upon said grip-car and with all due care and diligence was seeking a seat;" that, "while plaintiff was seeking a seat and while said car was stationary and not moving," a team of horses and a wagon collided with appellant and threw him from the grip-car to the ground; that appellee, through its agents and servants, had full knowledge of the fact that appellant had been knocked from said grip-car and was then and there upon the ground and by the side of said grip-car, endeavoring to protect himself against being injured and against being run over by the said grip-car or trailers; that it was the duty of appellee to stop the said grip-car, and trailing cars attached thereto, a reasonable time, to enable said plaintiff to arise from the ground in safety, but that the said appellee, having notice through its agents and servants of appellant's situation, by its said servants negligently and carelessly caused the grip-car, and trailers attached thereto, to be suddenly and violently started and moved onwards and southwards, and thereby the plaintiff was run over by the said grip-car, and trailers attached thereto, to-wit: by the wheels of said trailers attached thereto; and one of his hands was run over and crushed and maimed; and that, to save appellant's life, it was necessary to amputate some of the fingers of his hand; and the same were amputated.

The defendant filed a plea of general issue; the cause was tried before a jury who returned the following verdict: "We the jury find the defendant guilty and assess

the plaintiff's damages at the sum of $1200.00." The jury also made the following special findings in answer to the following questions submitted to them, to-wit:

"*First*—Did the driver of the defendant's car know that the plaintiff was lying upon the ground at the time he started up his car?—A. No.

"*Second*—At the time the plaintiff fell was the grip-car in motion?—A. Yes."

The bill of exceptions does not set forth any of the evidence in the cause. The bill of exceptions only shows the general verdict and the special findings above set forth, and that the defendant moved for a new trial, but afterwards withdrew its motion for a new trial, and moved the court for judgment for defendant on the special findings rendered in said cause; and that said motion was sustained, and judgment was entered in said cause upon the special findings in favor of the defendant and against the plaintiff; to which judgment and ruling of the court the plaintiff then and there duly excepted.

An appeal was taken from the judgment so rendered in favor of the defendant to the Appellate Court. The Appellate Court affirmed the judgment of the circuit court; and the present appeal is prosecuted from such judgment of affirmance.

D. C. Kelleher, for appellant.

W. J. Hynes, and H. H. Martin, for appellee.

Mr. Chief Justice Magruder delivered the opinion of the court:

The main assignment of error is, that the court erred in not entering judgment for plaintiff upon the general verdict, and in entering judgment for defendant upon the special findings.

The only question in the case is, whether the court erred in not entering up judgment in favor of the appellant upon the general verdict, and in entering judgment

for the appellee upon the special findings. In order to determine whether the court erred in the ruling made and in the judgment entered by it, it will be necessary to determine whether the special findings of fact made by the jury were inconsistent with the general verdict.

The first section of the statute upon this subject provides, that in any civil case in which the jury render a general verdict, they may be required "to find specially upon any material question or questions of fact which shall be stated to them in writing." The third section is as follows: "When the special finding of fact is inconsistent with the general verdict, the former shall control the latter, and the court may render judgment accordingly." (*Chicago and Northwestern Railway Co.* v. *Dunleavy*, 129 Ill. 132). The questions, which may be submitted to the jury for such special findings, are not questions which relate to mere evidentiary facts, but questions which relate to the ultimate facts upon which the rights of the parties directly depend. A probative fact, from which the ultimate fact necessarily results, would be material. The inconsistency between the special finding of fact and the general verdict, as contemplated by the statute, "can arise only where the fact found is an ultimate fact, or one from which the existence or non-existence of such ultimate fact necessarily follows." (*Chicago and Northwestern Railway Co.* v. *Dunleavy, supra*).

So far as the first special finding is concerned, it may be said that it is not necessarily inconsistent with the general verdict. In such first special finding the jury were asked: "Did the driver of defendant's car know, that the plaintiff was lying upon the ground at the time he started up his car?" and they answered, "No." While it may be true, that the driver did not know that the plaintiff was lying upon the ground, the conductor of the car may have known such fact. The conductor of the car, as is well known, directs and regulates the movements of the driver of the grip-car. It therefore

does not necessarily follow, that, because the jury were of the opinion that the driver did not know the fact inquired about, they may not have been of the opinion that the conductor knew such fact. The declaration charges, that the defendant had notice of such fact "through its agents and servants," and, if it had such notice through its servant, the conductor, its obligation was the same as though it had such notice through its servant, the driver of the grip-car.

But we are inclined to think, that the second special finding made by the jury was inconsistent with the general verdict. In that finding the jury were asked the question: "At the time plaintiff fell, was the grip-car in motion?" and they answered, "Yes." The jury thus found, that the grip-car was in motion at the time the plaintiff fell from the same; the declaration distinctly charges, that the car "was stopped and was not moving" when plaintiff boarded it and attempted to find a seat; and that he was thrown from the grip-car "while said car was stationary and not moving." The charge in the declaration against the defendant is, that, while the plaintiff was lying upon the ground by the side of the grip, the grip-car and trailers attached thereto were suddenly started and moved. The declaration avers, that the defendant was guilty of negligence in that it started suddenly into motion a car which "was stationary and not moving." The general verdict finds the defendant "guilty," that is to say, guilty of the negligence charged in the declaration. By their general verdict the jury found, that the defendant was guilty of suddenly starting into motion a car which was stationary. But the special finding is, that, when the plaintiff fell, the grip-car was in motion. The finding, that the car was in motion when plaintiff fell, is inconsistent with the verdict that the defendant was guilty of starting a car which was stationary.

It is true, that all reasonable presumptions will be entertained in favor of the general verdict, while nothing

will be presumed in aid of special findings of fact; but it is also true that the inconsistency between the special finding and the general verdict will arise where the fact found is one from which the existence or non-existence of the ultimate fact necessarily follows.

In a certain sense the fact, that the car was in motion when plaintiff fell, is a probative fact, but it is a probative fact from which the ultimate fact of the defendant's negligence necessarily results. (*Chicago and Northwestern Railway Co.* v. *Dunleavy, supra.*) The declaration is not one which charges negligence generally, but it is one which charges a specific act of negligence in starting a stationary car. Undoubtedly the defendant would have been guilty of negligence, if it had failed to stop the car, or had kept the car in motion while the plaintiff was getting on it. It is the duty of the managers of a street car to stop the car, in order that a passenger may get on, and to stop it in order that a passenger may get off; and it violates its duty to such passenger, if it compels him to get on, or to get off, while the car is moving. But, in the present case, the negligence charged is not that of compelling the plaintiff to get on the car while it was in motion, but the negligence charged is, that, after the plaintiff had fallen off and was lying upon the ground and while the car was not moving, the defendant suddenly and violently started the car forward. It is not sufficient to say, that the allegation, that the car was stationary and not moving, is the same as the allegation, that the car was moving slightly, because the injury alleged to have occurred is an injury resulting from the passing of the wheels of the car over the plaintiff's fingers, and this would have occurred as well while the car was moving slowly as when it was moving rapidly.

We have frequently held, that a party must recover, if at all, on and according to the case he has made for himself in his declaration; and that he is not permitted to make one case by his allegations, and recover on a

different case made by his proof. (*Moss* v. *Johnson,* 22 Ill. 633). In *Chicago, Burlington and Quincy Railroad Co.* v. *Magee,* 60 Ill. 529, we held, that, where the plaintiff avers in his declaration that defendant carelessly ran and conducted and directed its train, it is error to instruct the jury, that they might consider the condition of the brakes employed, as the action was for carelessness and not for a failure to properly equip the road. In *Toledo, Wabash and Western Railway Co.* v. *Foss,* 88 Ill. 551, we held, that in a suit against a car company for damages on account of personal injury alleged to have been caused by defendant carelessly running its train against a horse, it is not competent for the plaintiff to prove, that the railroad track was not properly fenced, or that the cars were not provided with wheel-brakes; and we there said: "The plaintiff could not aver negligence in one particular and on the trial prove that defendant was negligent in another regard." In *Toledo, Wabash and Western Railway Co.* v. *Beggs,* 85 Ill. 80, we held, that, where the suit is against a railway company to recover for a personal injury alleged to have been produced by defective wheels, defective ties and unskillfulness of the company's servants, it is error to permit the plaintiff to introduce evidence tending to show, that the accident was caused by the high rate of speed the train was running.

This court is not inclined to allow a general verdict to be set aside by the special finding of a jury, unless the inconsistency between the two is so clear that the special finding necessarily controls the general verdict. But, in the present case, the fact, that the car was stationary and not moving, is a material part of the allegation of negligence charged against the defendant. It necessarily follows, that the special finding, that the car was in motion when the plaintiff fell therefrom, is inconsistent with the general verdict which found the defendant guilty of suddenly starting a car which was stationary.

For these reasons we are inclined to think that the court below ruled correctly in entering judgment for the defendant on the special finding. Accordingly the judgment of the Appellate Court, affirming that of the circuit court, is affirmed.

                                                      *Judgment affirmed.*