## Cleveland, C., C. and St. L. Ry. Co. v. Emile J. Eggmann, Adm'r.

1. JUDGMENTS—*On Special Findings where General Verdict is Defective.*—In a suit against two defendants charging negligence the jury returned a general verdict, and also answers to a number of special interrogatories. The verdict found one of the defendants guilty, but did not mention the other, and the court rendered a judgment of not guilty in favor of the latter. *Held,* that while the verdict should have included both defendants, yet the omission was technical and not material, as the special findings were conclusive, and the judgment was the only one that could have been rendered even had there been a general verdict of guilty.

2. PRACTICE.—*As to Questions Calling for Special Findings.*—Questions which do not relate to mere evidentiary facts, but which relate to the ultimate facts upon which the rights of the parties directly depend, may be submitted to the jury for special findings, and probative facts from which the ultimate facts necessarily result stand upon the same basis. Hence, in this case, as an affirmative answer to the refused interrogatory would have been inconsistent with the verdict, it was error not to submit such interrogatory.

3. VARIANCE.—*Allegations and Proofs Must Correspond.*—It is a rule in pleading, subject to no exceptions, that a party must recover if at all, on and according to the case he has made for himself in his declaration. He is not permitted to make one case by his allegations and to recover on a different case made by the proof. And this rule applies where the declaration charges that an injury is the result of the concurrent negligence of two defendants. and the jury finds that it was caused by the negligence of but one of them.

C., C., C. & St. L. Ry. Co. v. Eggmann.

**Trespass on the Case.**—Death from negligent act.   Appeal from the Circuit Court of St. Clair County; the Hon. ALONZO D. WILDERMAN, Judge, presiding.   Heard in this court at the February term, 1897. Reversed and remanded.   Opinion filed September 10, 1897.

GEO. F. McNULTY, attorney for appellants.

The plaintiff, having alleged that this accident was caused by the " concurrent negligence" of two defendants, each defendant being charged with a separate act of negligence, and it being averred these two acts together produced the injury, he can not recover unless he proves such separate acts did occur to produce the injury complained of.   Ebsery v. Chicago City Ry., 164 Ill. 518; Howell v. Barrett, 3 Gilm. 433; Lambert v. Borden, 10 Ill. App. 650; Bloomington v. Goodrich, 88 Ill. 558.

" It is a rule in pleading, subject to no exceptions, that a party must recover, if at all, on and according to the case he has made for himself in his declaration.   He is not permitted to make one case by his allegations, and recover on a different case made by the proof."   Moss v. Johnson, 22 Ill. 640; Ill. Cent. R. R. v. McKee, 43 Ill. 120; Bell v. Senneff, 83 Ill. 124; Ebsery v. Chicago City Railway, 164 Ill. 518.

This verdict is insufficient.   A judgment can not be based upon it.   In such cases the proper practice, when the jury brings in a sealed verdict or a verdict in the absence of counsel, is to incorporate in the motion for a new trial the insufficiency of the verdict as a reason why it should be set aside.   The following Illinois cases are in point, and show this verdict fatally defective; that no judgment could be entered upon it, and that a new trial should have been awarded : Wells v. Ipperson, 48 Ill. App. 581–588; Broeck v. W. St. L. & P. Ry., 13 Ill. App. 556; Long v. Linn, 71 Ill. 152; Hirth v. Lynch, 96 Ill. 409; Ottawa Gas Co. v. Thompson, 39 Ill. 598.   See also Stephen on Plead. (3d Am. Ed., p. 100).

This suit being for a joint wrong, caused by (according to the declaration) the concurrent act of two defendants, the general verdict should mention both defendants.   It was void because it did not.   Schweickhardt v. City of St. Louis et al.,

2 Mo. App. 583; Wood v. McGuire's Children, 17 Ga. 361; Settle v. Alison, 8 Ga. 201; Ronge v. Dawson, 9 Wis. 246; Traun v. Wittick, 27 Ala. 570; Hampton v. Watterston, 14 La. Ann. 239; Graham & Waterman on New Trials, Vol. 3, 1378–1384; Gerrish v. Train, 3 Pick. 124.

A. R. TAYLOR, attorney for appellee.

It is not the law of any court or decision that the plaintiff must prove more of his allegations than entitles him to a recovery.  Lake Erie & W. R. R. Co. v. Christison, 39 Ill. App. 495.

It is well settled law that a recovery may be had against one of several alleged joint tort feasors without recovering against the others.  Slainbrook v. Duncan, 45 Ill. App. 349; City of Roodhouse v. Christian, 55 Ill. App. 109; Severin v. Eddy, 52 Ill. 191; Wabash, St. L. & P. Ry. Co. v. Shacklet, Adm'x, 105 Ill. 381; Cincinnati Ice Machine Co. v. Keifer, 134 Ill. 491, and cases cited.

MR. JUSTICE WORTHINGTON DELIVERED THE OPINION OF THE COURT.

This is an action brought by the public administrator of St. Clair county to recover damages from the Cleveland, Cincinnati, Chicago & St. Louis Railway Company, and the Toledo, St. Louis & Kansas City R. R. Company, charging them with concurrent negligence, thereby causing the death of James Higgins, who was a switchman in the employ of the last named company.  The verdict of the jury was, "We, the jury, find the defendant, the Cleveland, Cincinnati, Chicago & St. Louis Railway Company, guilty, and assess the plaintiff's damages at $5,000," making no finding as to the other defendant, the Toledo, St. Louis & Kansas City R. R. Co.

The following interrogatories were given at the request of appellant:

1st.  Was the pilot of the engine of the Toledo, St. Louis & Kansas City R. R. upon which deceased was riding, too low for the safe and proper operation of the engine ? A. No.

2d.   Did the Toledo, St. Louis & Kansas City R. R. Company negligently operate the engine Higgins was riding on by allowing it to be operated with a pilot too low? A. No.

3d.   Was the engine of the Toledo, St. Louis & Kansas City R. R., upon which deceased was riding, thrown from the track because its pilot was too low for safe operation? A. No.

4th.   Was the "third" or narrow guage rail of this crossing high enough, at the time Higgins was injured, to interfere with the safe operation of an engine equipped with a pilot the usual and proper distance above the rails? A. Yes.

Upon this verdict and special findings, the court rendered judgment for the plaintiff against the appellant, the Cleveland, Cincinnati, Chicago & St. Louis Railway Company, and for the co-defendant, the Toledo, St. Louis & Kansas City R. R.

The portion of the declaration material to be considered is as follows: "And complainant further avers that on the 28th day of October, 1890, whilst said James Higgins, deceased, in the county of St. Clair, aforesaid, was in the due discharge of his duty on an engine of his said employer, riding over the track of the defendants at the point where the track of the defendant Toledo, St. Louis & Kansas City Railroad Company crosses the track of the other defendants in the city of East St. Louis, he was caused to be thrown from said engine, run over by the same, and immediately crushed and killed thereby. And complainant doth further complain and aver the facts to be, that defendants Cleveland, Cincinnati, Chicago & St. Louis Railway Company and Indianapolis and St. Louis Railway Company, had, before the passage of the engine on which said James Higgins was so employed over said crossing, and without any notice to him, said James Higgins, his employer or co-employes, negligently and carelessly raised certain obstructions at said crossing, so that the engine on which said James Higgins was so employed could

not pass over said crossing. That said defendants Cleveland, Cincinnati, Chicago & St. Louis Railway Company and Indianapolis & St. Louis Railway Company, had, before said engine on which said deceased was so engaged, passed over said crossing at said time, negligently and carelessly, by their agents and servants, elevated and raised the rails of an old track at said crossing, so that the engine on which said deceased was so employed could not pass over said crossing safely, and gave no warning or signal of such defective condition of said crossing. That while said James Higgins was on the engine of the Toledo, St. Louis & Kansas City Railroad Company, passing over said crossing, and whilst the said James Higgins and his fellow-servants were exercising due and ordinary care, and without any notice on his part or that of his fellow-servants or employer, of the defective condition of said crossing, caused as aforesaid, the said James Higgins was thrown from said engine and killed, to wit, at the county of St. Clair, at the time and place aforesaid. And the complainant doth further aver that the engine furnished by defendant Toledo, St. Louis & Kansas City Railroad Company to said James Higgins and his associates and fellow-servants, being the same on which said James Higgins was employed at the time he was so thrown therefrom and injured and killed, was defective in that the foot-board was too low, and thereby dangerous.

And the plaintiff avers that the pilot and foot-board of said engine were in a defective and dangerous condition, and insufficient and unsuitable for the use said Toledo, St. Louis & Kansas City Railroad Co. were applying it. That for the purpose to which defendant was applying said engine, it should not have a pilot on, and said pilot and the foot-board thereon as put on said pilot, were too low and defective and dangerous, and liable to strike obstructions on the track and crossing. And plaintiff avers that said pilot was liable to strike obstructions and pull down the foot-board and endanger persons thereon. And plaintiff avers that said defective pilot and foot-board directly concurred with the

negligence of the other defendant in causing the death of James Higgins, as aforesaid.

That by reason of said defective condition of the foot-board and said pilot and engine, as well as by reason of the defective condition of said crossing, caused as aforesaid, the foot-board and said pilot and engine was caused to catch and strike against the said obstruction at said crossing, and thereby said engine was caused to be thrown from said track and said Higgins to be killed, as aforesaid. And complainant doth further aver the defendant Toledo, St. Louis & Kansas City Railroad Co. did not exercise care in furnishing to said deceased said engine in said defective condition, but was negligent in that regard. That defendant, by its agents and servants, having charge of providing said engine to said deceased to work with in the discharge of the duty of his employment, well knew of said defective condition of said engine, before the injury and death of said deceased, and, by the exercise of reasonable and ordinary care, could have repaired said defect and avoided the death of said Higgins. And complainant avers that the said negligence of said Toledo, St. Louis & Kansas City Railroad Co. concurred with the negligence of the other two defendants in causing the death of said James Higgins as aforesaid."

Defendants, the Cleveland, Cincinnati, Chicago & St. Louis Railway Co. and the Toledo, St. Louis & Kansas City Railroad Co. plead the general issue. Plaintiff dismissed as to the Indianapolis & St. Louis Railroad.

The T., St. Louis & Kansas City Railroad was originally a narrow track road, but changed to a standard guage, leaving, however, a short piece of rail, formerly used in its narrow guage track, at and attached to a crossing of the Chicago & Alton; the T., St. Louis & Kansas City Railroad; the C., C., C. & St. Louis. This short piece of rail is referred to as the "third" rail. The declaration alleges that this "third" rail was negligently raised by appellant, and that this raised rail, concurring with too low a foot-board on an engine of the T., St. Louis & Kansas City Railroad, on which deceased was riding, derailed the engine at the cross-

ing, and that this concurring negligence caused the injury complained of.

There is a sharp conflict in the testimony as to whether the derailment was caused in this way, as alleged in this declaration, or was caused by a broken joint, or loosened plate some feet from the crossing, derailing the engine before it reached the crossing.

But as this case must be remanded for reasons outside of the testimony, we express no opinion upon this point.

It is assigned as error, that the court rendered judgment upon the verdict, when there was no finding in it as to the Toledo, St. Louis & Kansas City R. R. Co. In the case at bar this is not material error. The findings of the jury upon the first, second and third interrogations propounded by appellant, were controlling as to the liability of the T., St. L. & K. C. R. R. Co. If the verdict had been against this defendant, these findings being inconsistent with such verdict, if accepted by the court, would have controlled the general verdict, and judgment would have been rendered upon them, in favor of this defendant. " When the special finding of fact is inconsistent with the general verdict, the former shall control the latter and the court may render judgment accordingly." Section 58c, Chapter 110, Hurd's Statutes, 1895.

In Egmann v. East. St. L. Connecting Ry. Co., 65 Ill. App. 345, the court says :

" Whatever such finding may be termed, it was the concrete determination by the jury of an ultimate and vital fact, which determined in whose favor, if any one, a judgment should be entered. The court applies the law to such fact or facts as found, and enters judgment accordingly if it sustains such finding. No motion was necessary on the part of the defendant to have the judgment so entered."

While the verdict in proper form should have included the T., St. L. & K. C. R. R. Co., yet the special findings upon the above interrogatories being conclusive, the omission was technical and not material. The judgment was the only judgment that could have been rendered if the findings were sustained.

Appellant assigns for error the refusal of the court to submit the following interrogatory to the jury, asked by appellant:

Interrogatory 4.   "Did the engine upon which deceased was riding leave the track before it came to the crossing of the Cleveland, Cincinnati,Chicago & St. Louis Railway Co.?"

This interrogatory should have been submitted to the jury.   It is alleged in the declaration that appellant raised a rail at the crossing, thereby causing an obstruction which concurring with a pilot placed too low on the engine on which deceased was riding, caused the derailment of the car at the crossing and the death of Higgins.

There was evidence tending to show that the car was derailed before it came to the crossing.   If it was so derailed, appellant is not liable as charged in the declaration, which avers "That by reason of said defective condition of the foot-board and said pilot and engine, as well as by reason of the defective condition of said crossing, the foot-board and said pilot and engine was caused to catch or strike against the said obstruction at said crossing, and thereby said engine was caused to be thrown from said track and said James. Higgins to be killed as aforesaid."

If the car left the track before it came to the crossing. where the " third " rail was, it could not have been thrown from the track in consequence of the raising of said " third " rail.

" The questions which may be submitted to the jury for such special findings, are not questions which relate to mere evidentiary facts, but questions which relate to the ultimate facts upon which the rights of the parties directly depend. A probative fact, from which the ultimate fact necessarily results, would be material."

If the car left the track before it came to the crossing where the " third" rail was, it was not derailed in consequence of the raising of said " third " rail.   An answer to said interrogatory in the affirmative would have been inconsistent with the verdict.   It was error not to submit the interrogatory.

It is assigned for error, that the declaration averred concurrent negligence, while the verdict and judgment are for a single act of negligence, by one defendant.

There is no averment in the declaration that the alleged obstruction would have caused the catastrophe to an engine properly equipped. The averment is, in substance, that the engine was in a defective condition by reason of too low a foot-board, and that this concurring with the obstruction at the crossing caused the derailment. This was the charge appellant was called upon to answer, and this charge, by its plea, was denied. Appellee might have sued appellant separately, and if the proof warranted, recovered against appellant, whether the negligence of the T., St. L. & K. C. R. concurred, or did not concur. He elected to sue both defendants, charging concurrent negligence. The jury by special findings said that the T., St. L. & K. C. road was not negligent as charged, and that appellant was. In other words, by their verdict and findings, the jury said that there was not the concurrent negligence charged in the declaration, but that the sole cause of the accident was the negligence of appellant. "It is a rule in pleading, subject to no exceptions, that a party must recover, if at all, on and according to the case he has made for himself in his declaration. He is not permitted to make one case by his allegations and recover on a different case made by the proof." Moss v. Johnson, 22 Ill. 640; Ebsery v. Chicago City Railway Co., 164 Ill. 518.

"If the pleader, though needlessly, describe the tort and the means adopted in effecting it, with minuteness and particularity, and the proof substantially vary from the statement, there will be a fatal variance." 1st Chitty Pleading, 7 Am. Ed., p. 427; City of Bloomington v. Goodrich, 88 Ill. 558.

The court in behalf of appellant, instructed the jury that, "the law is, that the plaintiff must prove his case by evidence as he has laid it in his declaration, that is, he must prove at the trial the facts stated in the declaration, and the material facts proved and the material facts alleged must correspond."

The jury disregarded this instruction. The record fails to show that appellee amended, or applied for leave to amend, his declaration.

We think there is a fatal variance between the allegations and the proof as the jury has found it. Under the view as expressed upon the above points, it is unnecessary to notice other errors assigned.

The case is reversed and remanded.