## Chicago City Ry. Co. v. Catherine H. Bucholz.

1. SPECIAL INTERROGATORIES—*Leading in Form, No Objection.*—It is no objection to a special interrogatory that it is leading in form.

2. SAME—*When To Be Submitted.*—When special interrogatories are so framed as to present to the minds of the jury a single material fact involved in the issue being tried, it is fatal error to refuse to submit them.

3. SAME—*Must Be Restricted to Ultimate Facts.*—Special interrogatories for a jury to answer must be restricted to those ultimate facts upon which the rights of the parties directly depend.

Trespass on the Case, for personal injuries. Appeal from the Superior Court of Cook County; the Hon. SAMUEL C. STOUGH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1899. Reversed and remanded. Opinion filed July 31, 1900.

WM. J. HYNES and W. J. FERRY, attorneys for appellant; MASON B. STARRING, of counsel.

THEODORE G. CASE, attorney for appellee; A. W. BROWNE, of counsel.

MR. PRESIDING JUSTICE HORTON delivered the opinion of the court.

This suit was brought by appellee to recover for personal injury alleged to have been sustained by her caused by negligence of employes of appellant. The facts, so far as necessary to an understanding of the point decided, are here given.

The amended declaration upon which the case was tried contained two counts. It is therein alleged that on the 8th day of August, 1898, appellant owned and operated a street car line in the city of Chicago; that it was a common carrier and that appellee was a passenger upon one of the cars of appellant. The negligence charged in the first count is that " while said car was not in motion " and when appellee was " about alighting and in the act of alighting " therefrom, said car was " violently jerked and propelled and started up " and appellee was thereby thrown to the

ground and injured. The second count is substantially the same as the first, except that it is therein averred that the car was " then and there in slight motion."

The accident occurred on Wabash avenue, between Monroe and Adams streets, in the city of Chicago. At that place there are two tracks, and the car in question was going south upon the west track. There was testimony tending to show that appellee attempted to alight from the east side of the car while it was running at full speed, and that the car had not either stopped or materially slackened its speed at the time she attempted so to alight. It is not our purpose to express any opinion upon this question of fact, yet it must be conceded that the testimony was decidedly conflicting as to whether the car was " standing still " or "slightly in motion " and whether it was running at full speed. Appellant requested the court to submit to the jury the following, with other special interrogatories :

" 1st. Was the car in question standing still when the plaintiff attempted to alight north of Adams street on the occasion in question ?

" 2nd. Was the car in question in motion when the plaintiff attempted to alight on the occasion in question ? "

The court refused to thus submit said special interrogatories. The statute (Hurd's Stat., Ch. 110, Sec. 58a,) provides :

" That in all trials by jury in civil proceedings in this State in courts of record the jury may render, in their discretion, either a general or special verdict; and in any case in which they render a general verdict they may be required by the court, and must be so required on request of any party to the action, to find specifically upon any material question or questions of fact which shall be stated to them in writing, which questions of fact shall be submitted by the party requesting the same to the adverse party before the commencement of the argument to the jury."

Each one of said special interrogatories referred directly to a material controverted question of fact put in issue by the pleadings. It is no valid objection that said special interrogatories are in form leading. Rice v. Rice, 6 Ind. 100; Harriman v. Queen Ins. Co., 49 Wis. 71. They are

" so framed as severally to present to the mind of the jury, a single material fact involved in the issue." Rosser v. Barnes, 16 Ind. 502.

Special interrogatories for a jury to answer must be restricted to those ultimate facts upon which the rights of the parties directly depend. N. & N. W. Ry. Co. v. Dunleavy, 129 Ill. 132, 143.

In Ebsery v. Chicago City Ry. Co., 164 Ill. 518, one of the material questions was whether the car was in motion at the time of the injury complained of. The trial court there submitted to the jury a special interrogatory asking whether the grip-car was in motion. The jury answered that it was. The trial court ruled that the special finding controlled the general verdict and entered judgment for the defendant, although the general verdict was in favor of the plaintiff. The judgment was affirmed by the Appellate Court (Ebsery v. C. C. Ry. Co., 61 Ill. App. 265), and by the Supreme Court (164 Ill. 518). Mr. Chief Justice Magruder, speaking for the Supreme Court, says (p. 524):

" This court is not inclined to allow a general verdict to be set aside by the special finding of a jury, unless the inconsistency between the two is so clear that the special finding necessarily controls the general verdict. But, in the present case, the fact that the car was stationary and not moving, is a material part of the allegation of negligence charged against the defendant. It necessarily follows, that the special finding that the car was in motion when the plaintiff fell therefrom, is inconsistent with the general verdict, which found the defendant guilty of suddenly starting a car which was stationary."

The special interrogatories in the case at bar and above quoted relate to a material part of the allegation of negligence charged against the appellant, and are in proper form and present the questions concisely. Had they been answered by the jury in the negative they would, under the Ebsery case, have controlled the general verdict. They should have been submitted to the jury, and it was a fatal error to refuse to thus submit them.

The judgment of the Superior Court will be reversed and the cause remanded.