FORSELL, RESPONDENT, *v.* PITTSBURGH & MONTANA COPPER CO., APPELLANT.

(No. 2,612.)

(Submitted February 19, 1909.   Decided March 1, 1909.)

[100 Pac. 218.]

| 38 | 403 |
| 41 | 325 |
| 41 | 350 |
| 38 | 403 |
| 40 | 407 |
| 40 | 465 |

*Personal Injuries—Master and Servant—Mines—Causes of Action—Misjoinder—Waiver—Election—Complaint—Evidence—Inadmissibility—Variance—Failure of Proof.*

Pleadings—Causes of Action—Misjoinder—Waiver.
1.   The objection that there is a misjoinder of causes of action must be made by answer or demurrer; if not so made, it is deemed waived.

Same—Election.
2.   Where the objection to a misjoinder of causes of action was waived, an order refusing to compel plaintiff to elect on which cause of action he would proceed was proper.

Personal Injuries—Master and Servant—Complaint—Evidence—Inadmissibility.
3.   Where, in an action against a mining company, plaintiff employee alleged that his injury was due to defendant's negligence in permitting a brake on a hoisting engine to be in a defective condition, so that it would not perform the duty assigned it, it was error to admit evidence that the brake was too light, that the engine was defective, that the exhaust from the engine was not properly connected, and of the effect of the back pressure of steam.   The plaintiff must stand upon the cause of action stated in the complaint.

Same.
4.   It was also error to admit evidence, under the complaint referred to in the foregoing paragraph, that a kind of brake different from the one used should have been employed, since no charge was made that defendant was negligent in selecting the one employed, nor that the one used was not adapted to the work required of it.

Same—Concurrent Negligence—Failure of Proof.
5.   The complaint in a personal injury action charged that the defendant mining company negligently permitted a brake on a hoisting engine to become defective, and that such negligence, concurring with the negligence of the engineer in charge of the engine, "both acting together, proximately caused the injury," and that but for such concurrent negligence the accident would not have occurred.   At the close of plaintiff's case, the court granted a nonsuit as to the defendant engineer, thus determining as a matter of law that he was not guilty of actionable negligence.   *Held*, that plaintiff was required to prove his case as made in the complaint, and that, since he failed to show concurrent negligence, there was a failure of proof, which prevented recovery.

New Trial—Grounds—Failure of Proof—Variance.
6.   While technically there is a distinction between "variance" and "failure of proof," yet where the term "failure of proof" is used as

the equivalent of "insufficiency of evidence" there may not be any distinction, and where the evidence tends to establish a cause of action entirely different from that alleged in the complaint, there is such a variance as amounts to a failure of proof, and the question may be presented on a motion for a new trial under a specification of insufficiency of the evidence to justify the verdict.

*Appeal from District Court, Silver Bow County; Geo. M. Bourquin, Judge.*

ACTION by Alfred Forsell against the Pittsburgh & Montana Copper Company. From a judgment for plaintiff, and an order denying it a new trial, defendant appeals. Reversed and remanded.

*Messrs. Kremer, Sanders & Kremer, for Appellant.*

A party can recover only on the cause of action alleged or proved. (*Abromovitz* v. *Markowitz,* 58 Misc. Rep. 231, 108 N. Y. Supp. 1044; *Pierce* v. *Great Falls & Canada Ry. Co.,* 22 Mont. 445, 56 Pac. 867.) Plaintiff must adopt a theory and prove his theory. (*Hawes* v. *Warren,* 119 Fed. 978.) He must recover upon a definite theory shown in his complaint, and cannot proceed on one theory and recover on a different one. (*Cool* v. *McDill,* 38 Ind. App. 621, 78 N. E. 679; *Feder* v. *Field,* 117 Ind. 386, 20 N. E. 129.) The wrong proven must be the wrong alleged. (*Hennessy* v. *Anostock,* 19 Pa. Sup. Ct. 644.) Plaintiff cannot recover upon proof establishing a different cause of action from that he has alleged, even though the cause of action established be a good one. (*Soden* v. *Murphy,* 42 Colo. 352, 94 Pac. 353.) The proof must correspond with the allegations. (*Lovingston* v. *Adkins,* 232 Ill. 510, 83 N. E. 1043.) Where plaintiff specifically alleges in his petition a given state of facts as constitutive of his cause of action, he must recover on such facts and no others. (*Haynor* v. *Excelsior Springs etc. Water Co.,* 129 Mo. App. 691, 108 S. W. 580; *Bryant Lumber Co.* v. *Clifton,* 85 Ark. 322, 108 S. W. 216.) "A variance that amounts to a failure of proof is not waived by failure to take advantage of it at the trial." (*Bank of Springfield* v. *First Nat. Bank of Springfield,* 30 Mo. App. 271.) Where the evidence

sustains no cause of action stated, or attempted to be stated, in the petition, an entire failure of proof, and not a mere variance, results. (*Wesby* v. *Bowers,* 58 Mo. App. 419; *Louisville etc. Ry. Co.* v. *Renicker,* 8 Ind. App. 404, 35 N. E. 1047; *Terry* v. *Shively,* 64 Ind. 106; *Thomas* v. *Dale,* 86 Ind. 435; *Cleveland etc. Ry. Co.* v. *Wynant,* 100 Ind. 160; *Bremmerman* v. *Jennings,* 101 Ind. 253; *Hasselman* v. *Carroll,* 102 Ind. 153, 26 N. E. 202; *Chicago etc. Ry. Co.* v. *Burger,* 124 Ind. 275, 24 N. E. 981.) A motion for a nonsuit may be sustained for a substantial variance between the declaration and the evidence. If the plaintiff has not proved the supposed cause of action substantially as alleged, he has no case to submit to the jury. (*Hart* v. *Chesley,* 18 N. H. 373; 2 Current Law, p. 1241; *Plass* v. *Weil,* 39 Misc. Rep. 777, 81 N. Y. Supp. 299; *Moran* v. *Kent,* 84 N. Y. Supp. 17, 87 App. Div. 610.)

In an action against several defendants as joint tort-feasors, failure to prove joint liability is failure to prove the cause of action alleged. (*Livesay* v. *First Nat. Bank,* 36 Colo. 526, 118 Am. St. Rep. 120, 6 L. R. A., n. s., 598, 86 Pac. 102; see, also, *Dussoulas* v. *Thomas* (Del.), 65 Atl. 590; *Glore* v. *Scroggins,* 124 Ga. 922, 53 S. E. 690; *Davis* v. *Caswell,* 50 Me. 294.) Where parties are charged with concurrent acts of negligence to justify a recovery, it must be shown that each party concurred in the negligent acts or that their negligent acts concurred. (*Waters-Pierce Oil Co.* v. *Van Elderen,* 137 Fed. 563, 70 C. C. A. 255; *Wormsdorf* v. *Detroit City Ry. Co.,* 75 Mich. 472, 13 Am. St. Rep. 453, 42 N. W. 1002; *Thompson* v. *Flint etc. R. R. Co.,* 57 Mich. 300, 23 N. W. 820.) Where plaintiff alleges that his damage was the result of specific acts of negligence, he cannot recover for negligence outside such acts, since he must stand on the cause of action stated. (*Pierce* v. *Great Falls & C. Ry. Co.,* 22 Mont. 445, 56 Pac. 867; *Price* v. *St. Louis etc. Ry. Co.,* 72 Mo. 414; *Schneider* v. *Missouri Pac. Ry. Co.,* 75 Mo. 295; *Atchison* v. *Chicago etc. Ry. Co.,* 80 Mo. 213; *Straight* v. *Odell,* 13 Ill. App. 232; *Toledo etc. Ry. Co.* v. *Beggs,* 85 Ill. 80, 28 Am. Rep. 613; *Shanke* v. *United States Heater Co.,* 125 Mich. 346,

84 N. W. 283; *Thomas* v. *Louisville etc. Co.*, 18 Ky. Law Rep. 164, 35 S. W. 910; *Telle* v. *Leavenworth etc. Co.*, 50 Kan. 455, 31 Pac. 1076; *Galveston, H. & S. A. Ry. Co.* v. *Herring* (Tex. Civ. App.), 36 S. W. 129; *St. Louis & S. F. Ry. Co.* v. *Fudge*, 39 Kan. 543, 18 Pac. 720; *Atchison etc. Ry. Co.* v. *Irwin*, 35 Kan. 286, 10 Pac. 820.)

*Messrs. Maury & Templeman*, and *Messrs. Breen & Hogevoll*, for Respondent.

When machinery is in such a condition that it starts automatically, or slips as in the case at bar, this is negligence, and the master is liable.    (Labatt on Master and Servant, sec. 95, p. 229.)    How much more in the case at bar, where the master did not only allow it to fall into such a condition, but actually had caused such a condition to remain from the date the machinery was placed there and until after the injury to Forsell. The courts have often held that the fact that certain machinery is out of repair before the accident, and also after the accident, this in itself is sufficient to go to the jury.    (*Brunger* v. *Pioneer Paper Co.*, 6 Cal. App. 691, 92 Pac. 1043.)

There was no demurrer for misjoinder of causes of action, and therefore there could be no compulsion of election.    (2 Abbott's Trial Brief, pp. 1260, 1265.)

It is a general rule of pleading that only the ultimate facts can be set out in the complaint.    The ultimate fact in the case at bar was the defective brakes.    Whatever caused these brakes to be defective was a matter of evidence to make up the proof, and plaintiff had a right to introduce any evidence as to what caused the brakes to be defective; and, also, to show other concurrent negligent acts of the defendant, if these acts contributed to the main cause of the accident.    (*Freeman* v. *Sand Coulee Coal Co.*, 25 Mont. 194, 64 Pac. 347; Thompson on Negligence, secs. 3857, 3861.)    As to the right of plaintiff to recover notwithstanding concurrent acts of negligence are charged, see *Ebsary* v. *Chicago City Ry. Co.*, cited by appellant; *Meisner* v. *Dillon*, 29 Mont. 116, 74 Pac. 130; 29 Cyc. 640, 609, 565.

In the case of *Blanton* v. *Dold,* 109 Mo. 64, 18 S. W. 1149, it is held that if machinery starts automatically, this is *prima facie* evidence, and the doctrine of *res ipsa loquitur* applies.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This is an action for damages for personal injuries. The complaint alleges: That the plaintiff was employed by defendant company and directed to work near the 1,200-foot level in a shaft in the Pittsmont mine; that defendant John Medlin was a stationary engineer, employed by the defendant company to operate a hoisting engine by means of which a heavy cage was raised and lowered in the shaft. The complaint then alleges: "The defendant copper company disregarded and failed in its duty of using ordinary care to make the said place where plaintiff was at work reasonably safe, and it negligently permitted the brakes on said engine to be defective and in such condition that no man could clamp them tight enough to prevent the cage from slipping down the shaft when the cage would be placed at rest by said engineer." The complaint further describes the injuries received by the plaintiff. The complaint also contains a second cause of action, based upon the alleged negligence of defendant Medlin only. At the conclusion of plaintiff's case, each defendant interposed a motion for a nonsuit. The motion of the defendant Medlin was sustained, and that of the defendant company was overruled. The plaintiff recovered judgment against the defendant copper company, and from the judgment and an order denying it a new trial the company appeals.

1. Since the second cause of action is predicated upon the alleged negligence of Medlin only, the order granting a nonsuit as to him withdrew that cause of action, and it is not before us now. Whether there was a misjoinder of causes of action we will not determine. There does not appear to have been any objection made by answer or demurrer to the complaint on that ground, and, unless the objection is so taken, it is deemed 'waived. (Revised Codes, sec. 6539.)

2. The defendants requested the trial court to compel the plaintiff to elect upon which cause of action he would proceed to trial. This was denied, and properly. In 2 Abbott's Trial Briefs (Pleading), 1260, the rule is stated as follows: ''The objection to a misjoinder of causes of action which would have sustained a demurrer is waived by not demurring, and therefore not ground for compelling plaintiff to elect at the trial.''

3. By discharging Medlin on his motion for a nonsuit, the trial court determined, as a matter of law, that he was not shown to be guilty of actionable negligence. In order to recover at all, it was necessary for the plaintiff to rely upon the alleged negligence of the defendant company as charged in his complaint. It will be observed from that portion of the complaint quoted above that the negligence of the defendant company is said to consist in its failure to use ordinary care to make the place where plaintiff was at work reasonably safe; but there was not any evidence offered in support of this allegation, except in so far as the evidence tending to support the second ground of negligence may be said to support it.

As a second ground of negligence it is alleged that the defendant company ''negligently permitted the brakes on said engine to be defective and in such condition that no man could clamp them tight enough to prevent the cage from slipping down the shaft when the cage would be placed at rest by the engineer.'' These allegations were all put in issue by the answer. Early in the trial a question arose over the admissibility of evidence, and the court ruled that the plaintiff might introduce evidence tending to show the condition of the engine at the time it was placed in position, that it was too small, that the brakes would not hold, and any defects in the brakes caused by lapse of time or the failure of defendant company to keep them in repair. Under this ruling the plaintiff, over the objection of the defendants, introduced evidence tending to show that the brake used was too light for the work imposed upon it, that the hoisting engine was defective, that the exhaust from the engine was not properly connected, and the effect of the back pressure of

steam. In admitting this evidence we think the trial court erred. As we construe the complaint and the evidence offered in support of it, the only contention is over the charge against the defendant company that it negligently permitted the brake to be in a defective condition so that it would not perform the duty assigned it. In *Pierce* v. *Great Falls & C. Ry. Co.*, 22 Mont. 445, 56 Pac. 867, the complaint charged the railway company with negligence in the following particulars: The coach was improperly equipped; the trainmen were incompetent; the track was unsafe; the train and track were not inspected. The allegations of negligence were denied, and the answer alleged that the wreck was caused by an act of God—that the train was blown from the track by a violent windstorm. The plaintiff, being unable to sustain the allegations of her complaint by proof, then sought to show that the railway company was negligent in running its train through the windstorm. Speaking of this attempt this court said: "In the case at bar, however, the plaintiff, instead of stating generally the failure of the defendant to exercise care in the discharge of its duties, alleged in her pleadings the particulars in which the negligence of defendant consisted. She could not recover for negligence in any other respect, for a plaintiff must stand upon the cause of action stated in the complaint." That this rule is correct would seem to be too plain to require argument or citation of authorities. Our Code (Revised Codes, sec. 6532), requires the complaint to contain a statement of the facts constituting the cause of action. "It would be folly to require the plaintiff to state his cause of action, and the defendant disclose his grounds of defense, if in the trial either or both might abandon such grounds and recover upon others which are substantially different from those alleged." (*Boardman* v. *Griffin*, 52 Ind. 101; 2 Abbott's Trial Briefs (Pleading), 1720; White's Personal Injuries in Mines, sec. 130; 6 Thompson's Commentaries on the Law of Negligence, 7471; 1 Elliott on Evidence, sec. 204; 14 Ency. of Pl. & Pr. 342; *Ebsary* v. *Chicago City Ry. Co.*, 164 Ill. 518, 45 N. E. 1017; *Telle* v. *Leavenworth R. T. Ry. Co.*, 50 Kan. 455,

31 Pac. 1076; *Arcade File Works* v. *Juteau,* 15 Ind. App. 460, 40 N. E. 818, 44 N. E. 326.)

4. A witness was permitted to testify, over the objection of the defendant company, in effect, that instead of a band brake, such as was used, a post brake should have been employed. This was error also. The complaint does not count upon the negligence of the company in selecting the particular character of brake, nor does it allege that a band brake is not adapted to the work required by the defendant to be done by the brake in question. (*Galveston, H. & S. A. Ry. Co.* v. *English* (Tex. Civ. App.), 59 S. W. 626.)

5. But it is said that there is a fatal variance between the allegations of the complaint and the proof, which amounts to a failure of proof. After setting forth the alleged negligent acts of the defendant company above, the complaint continues: "Now such negligent acts of the defendant copper company were a proximate cause of the hereinafter set out injury to plaintiff, and but for such negligent acts the injury would not have taken place, but there was another proximate cause of the injury; that is to say, the negligent act of John Medlin hereinafter set out, and but for this the injury would not have happened. The said negligent act of the defendant copper company concurred with the negligent act of John Medlin, the engineer, and both acting together proximately caused the injury to plaintiff." This allegation is only susceptible of one construction, viz., that it required the concurrent negligence of both the company and Medlin to produce the injury, and without the negligence of either the injury would not have happened. If, then, the injury would not have happened but for the negligence of Medlin, the negligence of the company alone was not sufficient to produce it. The court having found that Medlin was not negligent, then, no matter what negligence is shown on the part of the company, the plaintiff could not recover against the company under this allegation of his complaint.

In *St. Louis, B. & S. Co.* v. *Hopkins,* 100 Ill. App. 567, it is said: "While it is ordinarily true that actions against tort-

feasors may be either joint or several, that a suit may be maintained against one, any, or all, and that there may be a recovery against one or more of the defendants, and a failure to recover as to others in the same suit, still all this does not relieve a plaintiff from the burden of proving the negligence set up in his declaration substantially as charged, as to all against whom he asks judgment. If the pleader, though needlessly, describe the tort and the means adopted in effecting it with minuteness and particularity, and the proof substantially vary from the statement, there will be a fatal variance. (*City of Bloomington* v. *Goodrich,* 88 Ill. 558; *Ebsary* v. *Chicago City Ry. Co.,* 164 Ill. 518, 45 N. E. 1017.) This question was before this court in much the same form as here, in *Cleveland etc. Ry. Co.* v. *Eggmann,* 71 Ill. App. 42. In that case, by Mr. Justice Worthington, we said, in substance: 'Appellee might have sued appellant separately and recovered if the proof warranted it, whether the negligence of another concurred or did not concur; but instead of doing this or suing both, and charging a common negligence, which he might have done, and recovered against both, or one or neither, according to the proof, he elected to sue both, charging concurrent negligence. The verdict of the jury finding the codefendant not guilty establishes the fact that there was not concurrent negligence., i. e., that the negligence charged was not proven. There could be no concurrent negligence unless both defendants were guilty.' "

In 29 Cyc. 587, the rule is stated as follows: "If the negligence alleged consisted of several acts of negligence, plaintiff need not prove every act alleged if the injury resulted from those proved, except that where it was alleged that the negligence consisted of several concurring acts all of the acts must be proved. If negligence charged is the joint negligence of two defendants, it must be proved as charged."

In *Cleveland etc. Ry. Co.* v. *Eggmann,* 71 Ill. App. 42, the complaint set forth the alleged negligent act of each defendant, and then alleged that these acts directly concurred in causing the death of plaintiff's intestate. The jury found that one of

the defendants was not negligent, and on appeal by the other the court said: "Appellee might have sued appellant separately, and, if the proof warranted, recovered against appellant, whether the negligence of the Toledo, St. Louis & Kansas City Railroad concurred, or did not concur. He elected to sue both defendants, charging concurrent negligence. The jury by special findings said that the Toledo, St. Louis & Kansas City Road was not negligent as charged, and that appellant was. In other words, by their verdict and findings, the jury said that there was not the concurrent negligence charged in the declaration, but that the sole cause of the accident was the negligence of appellant. It is a rule in pleading, subject to no exceptions, that a party must recover, if at all, on and according to the case he has made for himself in his declaration. He is not permitted to make one case by his allegations and recover on a different case made by the proof."

In *Wormsdorf* y. *Detroit City Ry. Co.,* 75 Mich. 472, 13 Am. St. Rep. 453, 42 N. W. 1000, the complaint charged that the injury resulted from the concurrence of four different acts of negligence. In reversing the judgment the supreme court said: "The court charged the jury that there were four grounds of recovery, and that they might all stand or fall separately, and that, if they had satisfied the jury that the accident was caused by the negligence of the defendant upon either of the grounds stated, although they had failed in respect to the other three grounds, the plaintiff was entitled to recover. We do not think the pleadings will support this portion of the charge. The declaration alleges wherein the defendants were negligent, and then alleges that by means of the premises aforesaid, which premises were the concurring acts of negligence set out, the accident occurred. There are four several acts of negligence alleged, but neither, alone, is said to have caused the injury, but the combined acts are alleged to have done so. If the breaking of the connecting rod was purely accidental and occurred without the fault or neglect of defendant, and the car rushed upon the horses upon the descending grade, and the defendant

was not at fault in the team running away, I do not think the declaration is so drawn as to place the company in fault for the sole neglect of the driver of the west-bound car to stop and invite his passengers to alight.''

If, then, the negligence of the company alone would not have produced the injury, there is simply a failure of proof, since there is not any showing of concurring negligence; or, in other words, the evidence is insufficient to support the verdict.

6. In denying the motion for a new trial, the district judge said: "It is true that the negligence proven in the case is not the negligence alleged; but, by failing to raise the question of variance at the trial, defendant waived it, and cannot raise it now." And respondent asserts that doctrine in this court. Speaking technically, there is a well-defined distinction between "variance" and "failure of proof"; but in the sense in which the terms "failure of proof" are constantly used—that is, as the equivalent of insufficiency of the evidence—there may not be, and frequently is not, any distinction whatever. The textbooks and reports speak of variance amounting to a failure of proof when referring to a case in which the evidence, though it may tend to prove *a* cause of action, wholly fails to prove *the* cause of action alleged. (22 Ency. of Pl. & Pr. 568; 1 Elliott on Evidence, sec. 204.) For instance, in 1 Chitty's Pleadings, sixteenth American edition, star page 407, it is said: "If the plaintiff, though needlessly, describe the tort, and the means adopted in effecting it, with minuteness and particularity, and the proof substantially vary from the statement, there will be a fatal variance, which will occasion a nonsuit." (*City of Bloomington* v. *Goodrich,* 88 Ill. 558.) In *Spellman* v. *Rhode,* 33 Mont. 21, 81 Pac. 395, this court held that, while the evidence tended to make out a cause of action, it was a cause entirely different from that made out in the complaint, and held that there was such a variance as amounted to a failure of proof; and held further, in effect, that the question could be presented on motion for new trial under a specification of insufficiency of

the evidence to justify the verdict.  And that this may be done we have no doubt.

We do not intimate any opinion as to whether this complaint can be amended to permit a recovery against the company; but, if amended, issues will doubtless be framed which will obviate the other questions presented on this appeal, and for this reason we deem it unwise to pass upon them here.

The judgment and order are reversed, and the cause is remanded.

*Reversed and remanded.*

Mr. CHIEF JUSTICE BRANTLY concurs.

Mr. JUSTICE SMITH: I agree to the result