100    567<br>s112    364

## St. Louis, Belleville and Suburban Co. v. F. W. Hopkins,

1. NEGLIGENCE—*Must Be Proven Substantially as Charged in the Declaration.*—While it is ordinarily true that actions against joint tortfeasors may be either joint or several, that a suit may be maintained against one, any or all, and that there may be a recovery against one or more defendants and a failure to recover as to others in the same suit, still this does not relieve a plaintiff from the burden of proving the negligence set up in his declaration substantially as .charged, as to all against whom he asks judgment.

2. SAME—*Concurrent Negligence, Both Defendants Must be Found Guilty.*—Where a declaration charges that an injury is the result of the concurrent negligence of two defendants it must be proven as charged, and there can be no recovery unless the jury finds both of the defendants guilty.

3. INSTRUCTION—*Where it is for the Jury to Determine What Constitutes Want of Ordinary Care.*—Where it is for the jury to determine what acts and conduct constitute want of ordinary care, an instruction is erroneous which is susceptible of meaning that acts and conduct recited in the instruction can not be held by them to constitute want of ordinary care,

**Action on the Case.**—Personal injuries. Appeal from the City Court of East St. Louis; the Hon. SILAS COOK, Judge, presiding. Heard in this court at the August term, 1901. Reversed and remanded. Opinion filed March 3, 1902.

M. W. BORDERS, attorney for appellant.

A. R. TAYLOR and FREELS & JOYCE, attorneys for appellee.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was an action on the case, in the City Court of East St. Louis, by appellee against appellant and the East St. Louis Electric Railroad Company, to recover for a personal injury. Trial by jury. Verdict finds appellant guilty and assesses appellee's damages at the sum of $5,000, and finds the co-defendant not guilty. Upon this verdict the court rendered judgment in favor of appellee against appellant for $5,000 and costs, and in favor of the co-defendant against appellee for the costs "made by it."

The declaration consists of but one count, in which the original defendants are charged with separate, distinct and independent series of acts of negligence, and it is in effect averred that these two independent series of negligent acts concurred in causing appellee's injury. There is no charge that the defendants in any manner co-operated together in the doing any one or more of the negligent acts charged. The proximity both as to time and place, of these two acts of negligence, was a mere coincident. The gravamen here is the concurrence. This is quite clear as to appellant. A complete case is set up against appellant's co-defendant, and following that is the charge that appellant was guilty of negligence which "contributed to, and concurred with the negligence of the other defendants" in causing appellee's injury. Especially as to appellant this declaration charges joint and concurrent negligence, and proof of the case set up in the preceding part of the declaration against appellant's co-defendant is a condition precedent to appellee's right to recover against appellant. While it is ordinarily true that actions against tort-feasors may be either joint or several; that a suit may

St. Louis, Belleville & Suburban Co. v. Hopkins.

be maintained against one, any or all, and that there may be a recovery against one or more of the defendants and a failure to recover as to others in the same suit, still all this does not relieve a plaintiff from the burden of proving the negligence set up in his declaration substantially as charged, as to all against whom he asks judgment. " If the pleader, though needlessly, describe the tort and the means adopted in effecting it, with minuteness and particularity, and the proof substantially vary from the statement, there will be a fatal variance." (City of Bloomington v. Goodrich, 88 Ill. 558; Ebsery v. Chicago City Ry. Co., 164 Ill. 518.) This question was before this court in much the same form as here in C., C., C. & St. L. Ry. Co. v. Eggman, 71 Ill. App. 42. In that case, by Mr. Justice Worthington, we said in substance : Appellee might have sued appellant separately and recovered if the proof warranted it, whether the negligence of another concurred or did not concur; but instead of doing this, or suing both and charging a common negligence, which he might have done, and recovered against both, or one, or neither, according to the proof, he elected to sue both, charging " concurrent negligence." The verdict of the jury finding the co-defendant not guilty establishes the fact that there was not concurrent negligence, i. e., that the negligence charged was not proven. There could be no concurrent negligence unless both defendants were guilty.

A number of objections are urged against the instructions given on behalf of appellee, but it is only of importance now to consider them as to the third and fourth. The third and fourth instructions are as follows:

" 3. If the jury find from the evidence that the defendant, East St. Louis Electric Street Railroad Company, by its servants in charge of its car, on the fourth day of October, 1899, received the plaintiff as a passenger on the rear platform of its said car, and that the plaintiff was carried as such passenger upon said rear platform, and that the plaintiff paid his fare as such passenger upon said platform to defendant's conductor in charge of said car, then the fact, if true, that the plaintiff was riding as such passenger upon said platform just before the collision, is not of itself,

as a matter of law, a want of ordinary care on the part of the plaintiff.

"4. If the jury finds the defendants guilty, they should assess the plaintiff's damages at such a sum as they may believe from the evidence will be a fair compensation to him: First, for any pain of body or mind that the plaintiff has suffered, or will hereafter suffer, by reason of his injuries, and directly caused thereby. Second, for any loss of the earnings of his labor directly caused by his injuries. Third, for any expenses necessarily incurred for medical attention, medicines and nursing, directly caused by his injury."

These instructions are both vicious. Whether appellee was in the exercise of due care and caution for his own safety on the occasion of the injury, and what acts and conduct in fact constituted want of ordinary care, were material questions of fact for the jury to determine from the evidence alone. The third instruction has no proper place in the series and is misleading. It is susceptible of being understood by the jury as telling them that the acts and conduct recited in the instruction can not be held by them to constitute want of ordinary care in fact, because "as matter of law" it is not so. The jury ought to have been told in plain, direct language, that whether the plaintiff was in the exercise of ordinary care and caution for his own safety on the occasion and at the time of the alleged injury, was a question of fact for them to determine from all the evidence and surrounding circumstances proven.

The fourth instruction assumes the existence of every element of damages referred to in it, and it refers to about all that could exist in any case of its character.

As this case must be reversed, and we think ought to be remanded, we do not feel at liberty to discuss the question raised involving the weight of the evidence, and no profit could come of a discussion of the questions as to the misconduct of the jury, the action of the judge as to the first verdict, or the verdict as first returned, or the amount of damages.

The judgment of the City Court of East St. Louis is reversed and the cause remanded.