### F. W. Hopkins v. St. Louis, Belleville & Suburban Railway Company.

1. NEW CAUSE OF ACTION—*when additional count does not state.*
Where an additional count to a declaration is filed which differs from the
original count only in eliminating needless minuteness and particularity
of description of the tort and the means adopted in effecting it, no new
cause of action is stated, and a plea of the Statute of Limitations to the
additional count will not successfully lie.

Action on the case for personal injuries.   Appeal from the City Court
of East St. Louis; the Hon. SILAS COOK, Judge, presiding.   Heard in this
court at the February term, 1903.   Reversed and remanded.   Opinion
filed September 10, 1903.   Rehearing denied March 10, 1904.

A. R. TAYLOR and FREELS & JOYCE, for appellant.

M. W. BORDERS, for appellee.

MR. PRESIDING JUSTICE CREIGHTON delivered the opinion
of the court.

This case in another form was before this court at a
former term, and is reported in 100 Ill. App. 567. As the
case then stood the declaration was against the present ap-
pellee and another corporation, charging joint and concur-
rent negligence. The form in which the negligence was
charged made proof of concurrence necessary to a recovery
against either, and such proof not having been made, the
judgment of the trial court was reversed and the cause re-
manded, for that and other errors discussed in the opinion.

Upon the reinstatement of the case in the trial court, an

amended declaration was filed against appellee alone. To this amended declaration appellee pleaded the Statute of Limitations, to which appellant demurred. The court overruled the demurrer and held the plea good. Appellant elected to stand by his demurrer, and thereupon the court rendered judgment against him for costs.

The only question now before this court is whether the amended declaration sets up a new and distinct cause of action against appellee, or whether it is only a restatement of the cause of action set up in the former declaration— whether the two declarations refer to the same or different transactions—the same or different acts on the part of appellee and to the same or different injury to appellant. This the court must determine by an inspection of the two declarations.

Upon comparing the declarations we find that the two refer to the same transaction; that substantially the same acts of negligence are charged against appellee in the amended declaration that were charged against it in the original, and the same injury to appellant is charged. The form of the charge, and not the substance, is changed. It is true the amended declaration omits the allegation as to jointure and concurrence, but this is wholly immaterial when omitted, and would have been wholly immaterial in the former case if it had not been made material by being alleged, and by the form and connection in which it was there alleged. In our opinion in the former case we said : " If the pleader, though needlessly, describe the tort and the means adopted in effecting it, with minuteness and particularity, and the proof substantially vary from the statement, there will be a fatal variance." The amended declaration is a mere restatement of the cause of action set up in the former declaration in which restatement there is eliminated that needless minuteness and particularity of description of the tort and the means adopted in effecting it, and such restatement does not amount to the setting up of a new and distinct cause of action against appellee.

The trial court erred in overruling appellant's demurrer

to appellee's plea of the Statute of Limitations. The demurrer should have been sustained. For this error 'the judgment of the City Court of East St. Louis is reversed and the cause remanded.

*Reversed and remanded.*