# Frank Parmelee Company v. Cora Wheelock.

## Gen. No. 12,504.

1. VERDICT—*when not excessive.* A verdict of $3,500 held not ex-
cessive where the injury was disfiguring, painful and permanent, in-
volving the nose and the nervous system.

2. DECLARATION—*when charge of negligence sufficient, notwithstand-
ing dismissal of one of the defendants.* By dismissing as to one of two
defendants, a declaration, if previously good, remains sufficient to sup-
port a verdict if there is a charge of common, as distinguished from
concurring, negligence.

3. JOINT TORT-FEASORS—*how may be sued.* One injured by the neg-
ligence of several parties may sue either of such parties or both of
them.

Frank Parmelee Co. v. Wheelock.

Action on the case for personal injuries. Appeal from the Superior Court of Cook County; the Hon. JOSEPH E. GARY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1905. Affirmed. Opinion filed June 26, 1906.

**Statement by the Court.** This is an action to recover for alleged personal injuries. In August, 1902, at about 7 o'clock P. M., when it was still daylight, appellee was a passenger in an omnibus belonging to appellant and driven by one of its employees. It was going west along Harrison street, Chicago, and approaching Clark street at the rate, it is said, of about five or six miles an hour. As it reached Clark street an electric car belonging to the Chicago City Railway Company was approaching from the north upon the westward of the double tracks of said company. These tracks together occupied, including the space between them, a portion of the middle of Clark street about fourteen feet wide. When the omnibus coming from the east was crossing and nearly over the westward or southbound of the two tracks, it was struck by the front end of the electric car going south on that track and forcibly pushed around until it was clear or nearly clear of the track. The force of the collision was such that appellee, who was sitting with her back toward the approaching car, was thrown forward, striking against the seat, inflicting injuries complained of.

The jury returned a verdict against appellant awarding $3,500 damages, upon which judgment was entered.

McCORDIC & SHERIFF, for appellant.

ELMER & COHEN, E. C. WOOD and COVEY & COVEY, for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

The first contention of appellant's attorneys is that the verdict and judgment are excessive. Giving full consideration to the influence of a pending suit for damages and the possibility that the condition of appellee's right nostril, which is nearly closed as a result of the injury, might be

improved by an operation, there is yet evidence tending to show that appellee received an injury not only painful and disfiguring, but which has left permanent ill consequences, by no means of a trivial nature. The nose was so badly broken that it could not be restored to a normal condition, and while it has externally healed, leaving only moderate scars, the bridge is depressed and the cartilage displaced to the right, almost completely closing the right nostril. An operation might relieve this, but there is evidence tending to show that such operation would not be wholly free from risk. As it is, there is a constant secretion from the closed nostril. There is evidence also tending to show injury to the frontal sinus, which still causes a feeling of tightness in the forehead, and there is also evidence of an irritated condition of the nervous system, the result, it is said, of the severe shock. We cannot say that this evidence does not sufficiently justify the conclusion of the jury indicated in the amount of their verdict and we should not be warranted in holding it excessive.

It is urged that the verdict is against the evidence, that the accident was not due to negligence of the driver of the omnibus, but to that of the railway company. It may be that there is evidence tending to show negligence on the part of the motorman in charge of the electric car. But there is also evidence tending to show negligent failure of the driver of the omnibus to make such effort as he might or ought to have made to keep out of the way and so protect his passengers from the danger of collision. It was the duty of the driver to exercise a very high degree of care for the safety of the passengers in his charge, and the jury might very well conclude from the evidence that it would have been the part of prudence at least in one charged with such responsibility to have waited and allowed the electric car to pass before driving on to the tracks. The driver states that he thought he could get over in perfect safety when he saw the car two-thirds of the block away, and he did not realize how fast it was coming. He drove on until his horses were approaching the first or northbound

track and then saw that the car was coming at a rapid rate and was, he thought, about fifty feet away. He made no effort, however, to stop, although his horses were as yet more than six feet from the track on which the car was coming. His explanation is that he knew he could not stop there, because if he did his horses would be "right on the southbound tracks." He accordingly spoke to his horses, but did not use any whip. He says, however, that he had a good team and that they "jumped right up." He had made no effort to stop them, and there is evidence tending to show that he made no other effort to hasten them. He seems to have thought he would clear the approaching car. But in a case of that kind it was not enough to take chances of barely clearing the car. It was his duty to take no chances, if he could reasonably avoid so doing, and if we concede that he might have been justified under the circumstances in making the effort to cross when he found himself in danger, those circumstances clearly required him to make a special effort to get out of the way, not by a barely sufficient margin, but by as wide a margin as possible. The motorman had nearly succeeded in stopping his car when the collision occurred. It moved only from two to four feet after striking the omnibus. Waiving the question of negligence prior to that time on the part of either the motorman or the driver, we are of opinion the jury might properly conclude from the evidence that the driver then negligently failed to exercise such care and diligence as the emergency demanded. There is conflict of testimony as to his conduct, but we are forced to the conclusion that in view of the evidence we should not be justified in disturbing the finding of the jury to the effect that the injury was the result of negligence on the part of appellant.

It is urged that there is a variance between the declaration and the verdict; that the declaration in effect charges concurrent negligence and that in finding appellant guilty. after appellee had dismissed as to the railroad company, the jury in effect found no concurrent negligence, but that

the sole cause of the injuries was the negligence of appellant. The declaration charges that "the servants of the defendant railway company in charge of said car so carelessly and negligently and improperly drove, managed and conducted said electric car, and the servant of defendant Parmelee Company in charge of said bus or vehicle in which plaintiff was, so carelessly, negligently and improperly drove, conducted and managed said vehicle that the same came into collision with said electric car and by and through said improper management and negligent conduct of said servants of the defendants said electric car struck said bus with great force and violence, throwing plaintiff from her seat," etc. The other count is not materially different in this respect. At the conclusion of all the evidence, appellee's attorneys dismissed as to the Chicago City Railway Company, the other defendant, and asked leave to amend the declaration accordingly. The motion to dismiss was granted, but the court in effect refused leave to amend, saying: "That is not necessary; the *nolle* operates. Go on with the argument." If the trial court was correct in this, the effect of the dismissal was to eliminate from the declaration the charge of negligence against the railway company and leave to the jury only the question as to the negligence of appellant charged against it in the declaration. Upon this issue the jury found against appellant. There was, however, no charge in the declaration of merely contributory or concurrent negligence, unless it be in the words charging that it was "by and through said improper management and negligent conduct of said servants of the defendants said electric car struck said bus," etc. A complete case was stated in the declaration against each defendant. Negligence was charged against both. Appellee did what it was said in St. Louis B. & S. Co. v. Hopkins, 100 Ill. App. 567–569, might be done, viz.: sued "both and charging a common negligence, which he might have done and recovered against both or one or neither according to the proof." Instead of doing this, in that case the plaintiff's declaration had charged "concurrent

negligence." (See p. 568.) In W., St. L. & P. Ry. Co. v. Shacklett, Admr., 105 Ill. 364–381, it is said by Mr. Justice Mulkey "that where one has received an actionable injury at the hands of two or more wrong-doers, all, however numerous, are severally liable to him for the full amount of damages occasioned by such injury and the plaintiff in such case has his election to sue all jointly, or he may bring his separate action against each or any one of the wrong-doers. To sanction a departure from this fundamental principle in the law of torts, would create an anomaly in the law not demanded by justice, convenience or public policy." We do not regard the declaration in the case at bar as similar to those in C., C., C. & St. L. Ry. Co. v. Eggmann, 71 Ill. App. 42 (see bottom of p. 46), and other cases cited by appellant which charged concurrent negligence. These cases are not, therefore, in point. It is one thing to charge negligence in both defendants, and another to charge that the negligence of one concurred with that of another in causing an accident. It may be, however, the motion of appellee's attorneys to amend the declaration to make it conform technically and literally to the condition created by the dismissal as to the street railway company might properly have been granted, but the court's ruling had that effect and no objection was made by either party.

Complaint is made of certain instructions given upon request of appellee's attorneys. The first of these told the jury in substance that it is no defense to one of two wrong-doers to show that the other is also to blame, that each is liable and the party injured may proceed against one alone if he so wishes. As we have above said, a plaintiff who has received an actionable injury at the hands of two or more wrong-doers, can sue all jointly or each or any one. More need not be said as to this instruction. The objection to the next instruction is met by what we have said in reference to appellant's claim that the declaration charges "concurrent" negligence and that need not be repeated. It must suffice to say that we find no material error in the other two instructions complained of. The last of them has

been approved by the Supreme Court in many cases, some of which are referred to in C. C. Ry. Co. v. Gemmill, 209 Ill. 638–642, and Chi. & Mil. E. Ry. Co. v. Ulrich, 213 Ill. 170. What is said in the last named case in reference to the instruction is, we think, generally applicable in the case at bar.

Finding no material error in the record, the judgment will be affirmed.

*Affirmed.*