## Chicago and Eastern Illinois Railroad Company

*v.*

## Dora A. Rains, Admx.

*Opinion filed June 16, 1903.*

1. Evidence—*what admissible in action for boiler explosion.* In an action for damages from a boiler explosion, a witness for plaintiff, who has testified he examined the boiler by torchlight after the explosion, may.be allowed to testify that defendant's superintendent refused him permission to again examine the boiler the next morning, upon learning he had already examined it.

2. Instructions—*when giving of an inaccurate instruction will not reverse.* Giving an instruction authorizing a recovery upon a preponderance of proof of *any* of the allegations of negligence is not ground for reversal, even though no evidence tends to prove *one* of such allegations, where the jury are advised of such fact by another instruction.

3. Same—*when instruction upon allowance of damages is not misleading.* An instruction upon the question of damages which permits the jury to consider all the evidence in the case is not misleading, as permitting other than pecuniary damages, where there is no evidence except such as bears upon the subject of pecuniary loss.

4. Same—*when instruction does not permit jury to give one witness credence over several.* An instruction to the effect that if two witnesses contradict each other the jury may consider the surrounding circumstances and the other evidence and give credence to one witness over the other, if warranted, does not permit the jury to put the testimony of one witness successively against each of several witnesses contradicting him.

5. Same—*instructions tending to encourage disagreement not approved.* The giving of instructions tending to encourage a disagreement of the jury is not approved.

6. Railroads—*when fact that act was that of a fellow-servant is no defense.* The act of an engineer in permitting the water to get too low is no defense to an action for the death of his fireman from the explosion of the boiler, if the water was so bad as to cause the gauge to show more water than there in fact was, and the engineer was not really negligent as to that matter.

*C. & E. I. R. R. Co.* v. *Rains,* 106 Ill. App. 539, affirmed.

Appeal from the Appellate Court for the Fourth District;—heard in that court on writ of error to the Circuit Court of Franklin county; the Hon. E. E. Newlin, Judge, presiding.

J. B. Mann, for appellant.

W. H. Hart, for appellee.

Mr. Justice Cartwright delivered the opinion of the court:

The Appellate Court for the Fourth District affirmed a judgment recovered by appellee, as administratrix of the estate of Hardin S. Rains, her deceased husband, in the circuit court of Franklin county, for damages resulting from his death in an explosion of the boiler on a locomotive engine of appellant, on which he was employed as fireman. The crown-sheet of the boiler had become superheated and softened, so that the pressure of the steam forced it away from the stays, resulting in the explosion by which the deceased was killed.

The declaration contained two counts, in which it was alleged that the boiler was of unsound and unsafe material; that it was unfit, defective, in bad condition and repair; that it was old, weak and dangerous; that the interior parts of the boiler were covered with sediment and scale, so that the crown-sheet had become burned and thin; that the sediment and scale had negligently been allowed to remain in the interior parts; that the boiler had not been cleaned, washed out, inspected and made safe, and that the defendant furnished for use in the boiler, bad, muddy and unfit water, and that by the negligence of the defendant in these respects the boiler was caused to explode. On the trial, plaintiff claimed that the boiler had not been washed properly or with sufficient frequency; that a deposit of lime had formed around the stay-bolts and about the crown-sheet, preventing the water from coming in contact with the crown sheet, so that it became overheated and softened, allowing the bolts to pull through, and that the water was of such a nature that the gauge on the engine would not correctly register the height of the water in the boiler.

It was claimed by defendant that the explosion was due to the negligence of the engineer in allowing the water to sink below the top of the crown-sheet, so that it became hot and softened, and the pressure of the steam forced the crown-sheet away from the stays, with the resulting explosion, or that water had been injected into the boiler which came in contact with the superheated crown-sheet, suddenly bursting into steam and causing the explosion.

A witness on the part of the plaintiff testified that he examined the boiler and fire-box after the explosion in the evening; that the boiler was pointed out to him and a torch was given him to make the examination, and he spent about an hour examining it. He testified that the stays which held up the crown-sheet were heavily encrusted with scale, and he knocked out a bolt and carried it away with him, which he said was covered with the scale. He was then permitted to testify, over the objection of the defendant, that he called the next morning at the office of defendant's superintendent of motive power and stated to him that he called with a view to examining the boiler by daylight, but the superintendent, upon ascertaining that he had seen the boiler and had a portion of it with him, said he would telegraph to Chicago and ask the law department to pass upon whether he could see the boiler again, and then declined to allow him to see it. The superintendent was the officer of the defendant who had charge and control of the boiler, and bore such relation to the defendant that it was responsible for his refusal to allow it to be further examined by the witness. If he had refused to permit any examination at all, perhaps no one would contend that proof of such fact would not be admissible for the purpose of explaining a failure to offer direct evidence of the actual condition of the boiler and the necessity of resorting to such other evidence of its condition as was obtainable, but it is contended that the examination of the previous evening was full and complete, and that there was no

necessity for a further examination. The examination to which the witness had testified seems to have been quite thorough, and that fact was before the jury, so that they could judge whether any further examination was necessary or not. The superintendent was not authorized to make any admission that the cause of the explosion was due to the condition of the boiler, and any statement by him, or any act which would operate as such an admission, would not be binding on the defendant and could not be proved. But we do not think that his refusal could be regarded in that light. His attitude was that the witness had made an examination already and had taken one of the bolts, and that such examination was sufficient. We are of the opinion that there was no error in the admission of the evidence.

It is next argued that the court erred in giving to the jury instructions at the request of the plaintiff. The third instruction so given was to the effect that it was not incumbent upon the plaintiff to prove more than one of the averments of negligence on the part of the defendant contained in the declaration, and if the jury should believe, from a preponderance of the evidence, that defendant was negligent in any one of the ways so averred, and that in consequence of such negligence the deceased was killed, in the manner and form averred in the declaration, while in the exercise of ordinary care and caution for his own safety, the finding should be for the plaintiff as to such averment of negligence. The fourth instruction given at the request of the defendant adopted substantially the same rule by stating to the jury, *seriatim*, the acts of negligence charged against the defendant, and directing them that, before they would be justified in finding a verdict for the plaintiff, the preponderance of the evidence must show one or more of such charges of negligence to be well founded, and that the explosion of the boiler was caused by one or more of such acts of negligence. This instruction contained all the charges

of negligence made in the declaration and permitted a recovery upon proof of one or more of them. The objection made to the third instruction is not that proof of one averment of negligence would be insufficient, but that it submitted to the jury charges of negligence which there was no evidence whatever tending to sustain. It is true that there was no evidence tending to prove that the boiler was not properly constructed of good and safe material, and the court, by the second instruction given at the request of the defendant, so advised the jury. The testimony was uncontradicted that the boiler was well constructed of good material, and the witness for plaintiff who made the examination before referred to, testified that it was well built, amply stayed and in good condition, but was very dirty. It is insisted that there was no evidence that the water furnished was unfit, or that the defendant knew, or ought to have known, that it was not fit for use. There was evidence that the water had a tendency "to pull over," as it was called, and that under such circumstances the gauge might show more water than there actually was in the boiler. This peculiarity of the water tended to prove its unfitness for use, and the water had been extensively used on a good many engines of the defendant, so that it was a fair inference that its characteristics were known to the defendant. It is also urged that there was no evidence that the boiler was not properly washed and cleaned with sufficient frequency. There was testimony on the part of defendant that it was cleaned, washed and inspected very frequently and shortly before the explosion, but there was evidence for the plaintiff that there was a great deal of mud in the boiler, and that the wash-plugs could not be taken out without breaking the scale, and that they had not been taken out for several washings, as was shown by a smooth scale over them. This evidence tended to show that the boiler had not been properly washed and cleaned or with sufficient frequency, and required the submission

of the question to the jury. There was evidence tending to sustain all the charges of negligence except as to the construction of the boiler of good and safe material, and we think that the instruction that there was no evidence to sustain that charge obviated the objection to the instruction complained of.

The fourth instruction is objected to. It was on the question of damages, and the objection is, that it authorized the jury to consider not only the age of the deceased, and his earnings, but all the other evidence in the case, which might include other than pecuniary damages. There was no evidence except such as was legitimate on the subject of pecuniary injury, and there was no intimation in the instruction that damages might be given as a solace for the loss of the deceased, or as punitive damages. We do not think the instruction fairly subject to the objection.

It is objected to the fifth instruction that it permitted the jury to put the testimony of one witness successively against each of several witnesses who contradicted him, and thereby gave him credence over several. The instruction stated that if two witnesses contradicted each other, the jury might consider the surrounding facts and circumstances and the other evidence in the case and give credence to one over the other, if such facts, circumstances and evidence should warrant it. We do not think any jury would understand the instruction as counsel contends.

The court submitted to the jury four questions for special findings, telling them they might answer them "yes or no," and it is argued that the jury ought to have been informed that they should answer them "yes or no" and according to the preponderance of the evidence. They were all answered either yes or no, and other instructions informed the jury that their verdict must be based on the greater weight of the evidence. We do not discover any error in the manner in which the questions were submitted.

It is contended that the court refused to give proper instructions asked by the defendant. The tenth of these stated that there was no evidence justifying the jury in finding that the boiler was not cleaned, washed, inspected and made safe and strong. There was evidence tending to prove that the boiler was unsafe from the layer of scale encrusting the crown-sheet and bolts, and, as already stated, that it was not cleaned, washed and inspected as it ought to have been. The twelfth stated that there was no evidence justifying the jury in finding that the water furnished for use in the boiler was unfit for use therein. The evidence heretofore recited tended to prove that fact. The sixteenth instruction would have a tendency to encourage a disagreement of the jury, and we have disapproved the giving of such instructions. The seventeenth stated that if the jury believed the explosion was caused by the crown-sheet having no water over it, the verdict should be for the defendant. One of the defenses was that the explosion was caused by the negligence of the engineer in not keeping the water over the crown-sheet, and the court gave the third instruction asked by the defendant, directing the jury, if the explosion was caused solely by the negligence of the engineer, that they should find a verdict in favor of the defendant. That instruction fully covered the claim of the defendant that the explosion occurred because there was not sufficient water in the boiler through negligence of the engineer. There was evidence that the water was of such a nature that the gauge might show there was more water in the boiler than there was in fact, and this instruction ignored that evidence. If the gauge showed a proper stage of water in the boiler when in fact there was not sufficient water, and the engineer was not negligent in that respect, the want of water would not authorize a verdict for the defendant.

We find no error in the record. The judgment of the Appellate Court is affirmed.                     *Judgment affirmed.*