The Town of Cicero

*v.*

Mary M. Bartelme, Conservatrix.

*Opinion filed October 24, 1904—Rehearing denied December 9, 1904.*

1. Variance—*Supreme Court does not weigh evidence in passing on questions of variance.* In passing upon the question of variance between the pleadings and proofs the Supreme Court does not weigh the evidence, and the objection of variance must be overruled if there is any evidence in the record when taken as true, together with all inferences to be legitimately drawn therefrom, fairly tending to sustain the averments of the pleading.

2. Pleading—*when an amended declaration does not state new case.* Where the original declaration in an action against a city charges negligence in suffering a sidewalk to be and remain out of repair and the planks to become decayed so that the one upon which plaintiff stepped broke with her weight, an additional count charging that the walk was full of holes and that plaintiff stepped into one of the holes does not state a new cause of action.

Appeal from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. Philip Stein, Judge, presiding.

J. J. Sherlock, (Atwood, Pease, Corbin & Loucks, of counsel,) for appellant.

Gideon S. Thompson, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

This is an appeal from a judgment of the Branch Appellate Court for the First District, affirming a judgment of the superior court of Cook county in favor of appellee for the sum of $3500 for injuries sustained by Ella M. Peck by reason of a defective sidewalk which was under the control of the appellant. The action was commenced in the name of Ella M. Peck, who subsequently was adjudged insane, and Mary M. Bartelme, her conservatrix, was substituted in her stead as plaintiff.

The declaration as originally framed contained one count, and averred that the defendant "wrongfully and negligently suffered the said sidewalk to be and remain in bad and unsafe repair and condition, and divers planks wherewith said walk was constructed to become and remain rotten and decayed, whereof the said town of Cicero had notice, and the plaintiff, who was then and there passing along and upon the said sidewalk, exercising due care and diligence for her own safety, necessarily and unavoidably stepped upon a plank in the said sidewalk that had become and for a long time had remained decayed and rotten, and the said plank then and there broke and split with the weight of the said plaintiff, and the foot of the said plaintiff was thereby caught and entangled in the said broken plank, and the said plaintiff was thereby then and there tripped and thrown and fell to and upon the ground and sidewalk there," by means whereof she was injured, etc.

It is first urged that there was a variance between the declaration and the proof in this: that the evidence showed the injury was occasioned by reason of Ella M. Peck stepping in a hole in said sidewalk, and not by reason of her stepping upon a decayed and rotten plank, which broke and split beneath her weight. The witnesses differed somewhat as to the condition of the walk before and after the injury. Ella M. Peck, who was alone at the time she was injured,

212—17

testified that she caught her foot in a hole in the sidewalk; that she stumbled in a hole, as near as she could remember. Archie .P. Gaylord, who assisted Ella M. Peck to her home after the injury, testified that when he saw the walk immediately after the injury, there was a piece broken out of the south edge of the north board; that the piece that was out was lying down underneath, and that it looked like a fresh break, which he had not noticed before; that he was familiar with the condition of the walk at this place and had known its condition for three years; that the hole that he saw in the walk was between the east sidewalk and the ditch and along the south edge of the north plank; that he had gone over the walk every day and had not seen that break there before, and that he was across there about eight o'clock that morning and did not see any hole there.

In passing upon the question of a variance between a pleading and the proofs this court cannot weigh the evidence, and if there is evidence in the record when taken as true, together with all inferences which may legitimately be drawn therefrom, fairly tending to sustain the averments of the declaration, the objection that there is a variance between the declaration and proof must be overruled. While the question is not free from doubt, we are inclined to think that the evidence above referred to, with the inferences that the jury might legitimately draw therefrom, fairly tended to support the averment of the declaration that the plaintiff stepped upon the board, which broke and split beneath her weight, etc., and that the court did not err in refusing to instruct the jury peremptorily to return a verdict in favor of the defendant on the ground of variance. *Lake Street Elevated Railroad Co.* v. *Shaw,* 203 Ill. 39.

After the jury had returned their verdict, and more than two years after the accident, by leave of court the plaintiff filed an additional count to her declaration, in which it was averred that the defendant wrongfully and negligently suffered the said sidewalk to be and remain in a bad and un-

safe condition, and to become rotten and decayed, and to be broken and full of holes, and that while plaintiff was passing over said walk, with all reasonable care for her safety, she "stepped into one of the holes in said walk," and the foot of the plaintiff was caught and entangled in said hole and she was thrown down and injured. The plea of the Statute of Limitations was filed to said additional count, and the action of the court in sustaining a demurrer to said plea is assigned as error. We think it clear that the additional count did not set out a cause of action different from that set out in the original declaration.

In *Swift & Co.* v. *Madden,* 165 Ill. 41, which was an action on the case to recover damages for a personal injury, it was held (p. 45) : "The cause of action may be regarded as the act or thing done or omitted to be done by one which confers the right upon another to sue,—in other words, the act or wrong of the defendant towards the plaintiff which causes a grievance for which the law gives a remedy." In that case it was said that the cause of action of the plaintiff was the negligence of the defendant in failing to keep in repair machinery in its factory where the plaintiff was required, by his employment with the defendant, to labor. In the original declaration filed it was charged that it was the duty of the defendant to keep in good and safe repair certain machinery which the plaintiff was required to use while in the service of the defendant as a laborer, but the defendant failed to observe its duty in that regard, and, on the contrary, negligently and wrongfully permitted the machinery to be and remain in an unsafe and dangerous condition, so that the plaintiff, while employed by the defendant in working with the machinery with due care on his part, was injured. In the additional count, after setting out the relation of the parties to each other, it was averred that it was the duty of the defendant, when the machinery was out of repair and unsafe and dangerous, to repair the same, yet the defendant, although notified that the machinery was out of re-

pair and unsafe, while it promised that the machinery should at once be repaired and thereby caused plaintiff to continue in its service, did not regard its duty, but carelessly and negligently permitted the machinery to be· and remain out of repair and in an unsafe and dangerous condition. The court, upon demurrer to a plea of the Statute of Limitations, held that the additional count set out the same cause of action as the original declaration, and that a demurrer was properly sustained to said plea. In this case the cause of action set out in the original declaration and in the additional count is the same,—that is to say, the negligence of the defendant in wrongfully suffering said sidewalk to be and remain out of repair and in an unsafe condition. The statement in the additional count that the sidewalk was broken and full of holes and that the plaintiff stepped into one of said holes and was thereby injured, was but the re-statement of the cause of action set out in the original declaration, and not the statement of a new cause of action.

It is also said the *locus in quo* described in the additional count is different from that described in the original declaration and varies from that established by the proof. The averment in the additional count is, "said public walk or crossing being situated at the south-east corner of Thirty-second street and Sheldon avenue, and leading from the sidewalk on the east side of said Sheldon avenue over and across a certain ditch or drain along the south line of said Thirty-second street." From this description it is plain the walk was located upon the south side of Thirty-second street, and not along a certain ditch or drain, which corresponds with the averments of the original declaration and the proof. To hold otherwise would be to hold that the sidewalk crossed a certain ditch or drain and at the same time ran along said ditch or drain.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*