THE CITY OF EVANSTON

*v.*

MARY RICHARDS.

*Opinion filed December 22, 1906.*

1. LIMITATIONS—*when amendment of declaration does not bring in new cause of action.* A declaration in an action against a city which charges the negligence of the defendant to consist in allowing its sidewalks to be and remain in unsafe repair and condition, may be amended by substituting, in the description of the manner of plaintiff's injury, the words "stepped upon and broke through" for "tripped, stumbled upon and against," without thereby introducing a new cause of action. (*Town of Cicero* v. *Bartelme,* 212 Ill. 256, followed.)

2. INSTRUCTIONS—*when use of word "anguish" is not misleading.* An instruction in a personal injury case which authorizes a recovery of damages for pain and *anguish,* if any, which the plaintiff has suffered, so far as the same are shown by the evidence to be the direct result of the injury, is not misleading, as tending to authorize a recovery for humiliation or annoyance.

3. SAME—*instructions tending to encourage disagreement of a jury are not approved.* A statement in an instruction that no juror should consent to a verdict which does not meet with the approval of his own judgment and conscience, after due deliberation with his fellow-jurors and after fairly considering all the evidence and the instructions, is properly stricken out as tending to encourage the disagreement of the jury.

4. SAME—*when party cannot complain that certain instruction was not given.* A party who offers several instructions embodying the same proposition in varying language cannot complain that the court refused the one such party considered the most important, where the others were given.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. A. H. CHETLAIN, Judge, presiding.

This is an appeal from a judgment of the Appellate Court for the First District affirming a judgment of the superior court of Cook county in favor of the appellee, and against appellant, for $1700 damages for personal injuries alleged to have been received by appellee in an accident upon a sidewalk of appellant which it is charged it permitted to remain in a defective condition.

The declaration, as originally filed, alleged that appellant "was possessed and had control of a certain public sidewalk on a certain public street called Emerson street, in said city of Evanston aforesaid, and ought to have kept the same in a good and safe repair and condition, yet * * * not regarding its duty in that behalf, while it was so possessed and had control of the said sidewalk, * * * knowingly, wrongfully and negligently suffered the same to be and remain in bad and unsafe repair and condition and divers of the planks wherewith the sidewalk was laid to be and remain decayed, broken and unfastened, by means whereof the plaintiff, who was then and there passing along and upon the said sidewalk, * * * necessarily and unavoidably tripped and stumbled upon and against one of said decayed, broken and unfastened planks of the said sidewalk and was thereby thrown and fell to and upon the said sidewalk and the ground there, and thereby the arm and leg of the said plaintiff were contused and injured and certain bones of the hand were broken and her knee was injured." On the trial the declaration was amended by striking out the words "tripped and stumbled upon and against," and in lieu thereof inserting, "stepped upon and broke through."

To the declaration the general issue and the plea of the Statute of Limitations were interposed. Appellee demurred

to the plea of the Statute of Limitations, and her demurrer was sustained. This action by the trial court, and the giving, modifying and refusal of certain instructions by it, are relied upon by appellant to work a reversal of this case.

EDWIN L. HARPHAM, for appellant.

WHITFIELD & WHITFIELD, and SAMUEL W. JACKSON, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

Appellant's first proposition is, that the declaration, as amended, stated a new and different cause of action than that charged in the original declaration, and the amendment having been filed more than two years subsequent to the day the cause of action accrued, was barred by the Statute of Limitations, and that the trial court erred in sustaining the demurrer interposed by the appellant to such plea. If the amendment stated a new cause of action, the plea of the statute was a bar and the appellant's contention would be correct. In *Swift & Co.* v. *Madden,* 165 Ill. 41, it is said (p. 45) : "The cause of action may be regarded as the act or thing done or omitted to be done by one which confers the right upon another to sue,—in other words, the act or wrong of the defendant towards the plaintiff which causes a grievance for which the law gives a remedy." In the case at bar the act or wrong charged was the disregard by the appellant of its duty to keep its sidewalk in safe repair and in permitting it to be and remain in bad and unsafe repair and condition. In the original declaration the pleader stated the manner in which the condition complained of resulted in the injury to appellee. Upon the trial the proof tended to show the condition complained of was as alleged in the declaration, but that the manner of appellee's injury was not as alleged but in the manner stated by the amendment. The act or wrong of appellant which resulted in the injury

was the same in the original declaration as charged by the amended declaration; the mode or manner in which it resulted in the injury was stated differently. In the case of *Town of Cicero* v. *Bartelme,* 212 Ill. 256, which was a sidewalk case and where a very similar question to the one now under discussion was before this court, it was said (p. 260) : "In this case the cause of action set out in the original declaration and in the additional count is the same, that is to say, the negligence of the defendant in wrongfully suffering said sidewalk to be and remain out of repair and in an unsafe condition." That case we think decisive of the question now under consideration. The trial court properly sustained the demurrer.

It is next urged that the court erred in giving an instruction which, among other things, informed the jury that if they found the defendant guilty "the plaintiff will be entitled to recover for pain and anguish, if any, which she has suffered or will hereafter suffer, so far as the same are shown by the evidence to be the direct result of the injury," the objection being, that the word "anguish" authorized the jury to allow damages for the humiliation or mental annoyance occasioned by the injury. An instruction substantially like this one, using the term "anguish" in the sense here used, was before this court in the case of *Village of Sheridan* v. *Hibbard,* 119 Ill. 307, and it was there said: "The sole purpose of the instruction was to tell the jury what the elements of damages were and which should be taken into consideration by them in the event they found the defendant guilty, and for this purpose we think the instruction was substantially correct." We do not think the jury could have misunderstood the very apparent meaning of the word in the connection in which it was used in this instruction. It clearly referred to suffering of a physical nature, and is in its terms within the rule laid down in *Cicero and Proviso Street Railway Co.* v. *Brown,* 193 Ill. 274.

The fifth instruction stated the rule of law as to the duty of appellant in the matter of maintenance of its sidewalks to be, that it must "use all reasonable care, caution and supervision to keep and maintain its sidewalk in a reasonably safe condition for travel, by night as well as by day," the objection being to the use of the word "night" in said instruction. We are unable to say that the duty of appellant was not as stated, and find nothing in the instruction that would justify the jury in considering elements of damage foreign to the case.

One of the instructions given for appellant was modified by striking out the following: "No juror should consent to a verdict which does not meet with the approval of his own judgment and conscience after due deliberation with his fellow-jurors, and after fairly considering all the evidence admitted by the court, and the law as given in the instructions of the court." Such instructions tend to encourage disagreements of juries and are not approved by this court. The trial court properly struck out that portion of the instruction. *Chicago and Eastern Illinois Railroad Co.* v. *Rains,* 203 Ill. 417.

The court refused to give an instruction offered by the appellant upon the question of the preponderance of the evidence, which it is contended correctly stated the rule. Appellant offered, and the court gave, another instruction upon this proposition which fully covered the point. "Where a party thus offers two or more instructions embodying the same proposition in varying language, he will not be heard to complain because the court refuses the one the party considers most important where the others are given." *Indiana, Illinois and Iowa Railroad Co.* v. *Otstot,* 212 Ill. 429.

We find no error in this record that would justify a reversal of the case. The judgment of the Appellate Court will be affirmed.                    *Judgment affirmed.*