Andrew Christensen, Appellee, v. Oscar Daniels Company, Appellant.

Gen. No. 14,010.

1. VARIANCES—*what fatal.* An allegation that the plaintiff "tripped upon the said cable and threw his hand back against the said drum" and other allegations in substance the same, is not sustained by proof that the plaintiff "was tripped by the lower drum, that is, the one behind me," etc., and the variance being specifically pointed out in the trial court, is fatal.

2. AMENDMENTS AND JEOFAILS—*what does not accomplish actual amendment.* Obtaining leave to amend is not the equivalent of an amendment and unless the permission to amend that has been granted has been followed up, no change in the record results.

Action in case for personal injuries. Appeal from the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1907. Reversed and remanded. Opinion filed July 14, 1908. Rehearing denied July 24, 1908.

Statement by the Court. This is an action to recover for personal injuries, in which appellee recovered a judgment for $2,200, from which defendant appeals.

The declaration consisting of one count states in substance that plaintiff was a structural iron worker in the employ of defendant, that the latter was en-

gaged in placing structural iron work in a building; that in order to place iron beams in position defendant was using a derrick with machinery, consisting of drums, cables, etc.; that it was the duty of defendant to furnish plaintiff a reasonably safe place to work; that defendant failed to use care to do this; that there were certain drums in connection with the hoisting machinery necessary to hold certain cables and plaintiff was ordered by the defendant's foreman to go between said drums in a "narrow place" and to put a certain cable upon one of said drums; that at the time plaintiff was so ordered one of the drums was shut down and not in motion; that plaintiff was not notified that said drum was to be started, and that after placing the cable upon the drum which was in motion, he stepped away for the purpose of getting out from between the said drums and in so doing tripped upon the cable from the other drum which had in the meantime been started by order of the foreman without plaintiff's knowledge; that by reason of the negligence of the foreman in ordering said drum to be started without notice to plaintiff, the latter "who had in the meantime tripped upon the said cable, threw his hand back against the said drum, and the said cable upon the said drum then and there caught his finger between the said drum and cable," the plaintiff meanwhile exercising all due care and caution for his own safety, and that by reason of the premises the first finger of plaintiff's left hand was cut off at the middle joint "and his hand was more or less lacerated."

EDDY, HALEY & WETTEN, for appellant.

JOHN A. BLOOMINGSTON, for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

It is contended in behalf of the defendant that there is a fatal variance between material averments of the

declaration and the plaintiff's proof. The declaration avers that the plaintiff "tripped upon the said cable and threw his hand back against the said drum"; that plaintiff stepped away from the moving drum upon which he had been placing the cable, with the purpose of getting out from between the said drums, "and in so doing tripped upon the cable from the other drum," which had in the meantime been started; and that he "threw his hand back against the said drum and the said cable upon the said drum then and there caught his finger." This averment is not supported by the plaintiff's evidence. The testimony of the plaintiff is, not that he tripped upon the cable, but that he "was tripped by the lower drum, that is the one behind me," and that it was the drum he "had been working on all the time and the one I put my finger on," which inflicted the injury complained of and not the other and lower drum alleged in the declaration to have been negligently started without notice to plaintiff. The latter testifies not only that he "tripped on the lower drum behind me," but that "the cable on the lower drum had been wound up." It is clear therefore from his own statement that he did not trip on the cable of the lower drum or any cable as his declaration avers. One of plaintiff's witnesses testifies that plaintiff "went to step backwards over the bottom drum. In so doing he lost his balance and went to grab out or get hold of the topping lift cable and hung on to it, and his hand went in and caught on the cable. At the time the plaintiff lost his balance one foot was between the drums and the other was over the drum," that is the lower drum. The variance is clear and relates to material averments of the declaration, upon which plaintiff bases his claim to recover.

Defendant's attorneys at once moved to strike out that testimony on the ground of variance. Plaintiff's attorney thereupon asked and was given leave to amend *instanter*. No amendment, however, was filed, and at the conclusion of the plaintiff's evidence, the

defendant moved the court to instruct the jury to find the defendant not guilty. The court denied the motions and defendant's counsel preserved exceptions.

The cause was submitted to the jury upon the declaration containing the material averments which the plaintiff's evidence had failed to sustain. If an amendment had been filed the defendant might have wished to demur, to have pleaded the Statute of Limitation or other defense and it would have been entitled to such privilege. After obtaining leave to amend "the plaintiff was in no wise obligated to exercise the privilege given and make the amendment, and until the amendment was in fact made the declaration remained the same as though no leave to amend it had been given." Wisconsin Central Railroad Co. v. Weiczorek, 151 Ill. 579-583 *et seq.* Upon that declaration as it stood it was erroneous to deny the motions to direct a verdict for the defendant upon the plaintiff's evidence which failed to support the declaration. It scarcely requires citation of authorities in support of the proposition that the allegations and proofs must correspond. The plaintiff having averred negligence in one particular cannot on the trial recover for alleged negligence in some other respect. The defendant is entitled to know what the ground is upon which the plaintiff seeks to hold him liable and it is the purpose of the declaration to advise him. Toledo, N. & W. R. R. Co. v. Foss, 88 Ill. 551; Gavin v. City of Chicago, 97 Ill. 66; Wabash W. Ry. Co. v. Friedman, 146 Ill. 583-588; Ebsery v. Chicago City Ry. Co., 164 Ill. 518-523; Lake St. Elev. R. Co. v. Shaw, 203 Ill. 39-42; Wabash Rd. Co. v. Billings, 212 Ill. 37-40. In this last cited case it is said: "Every allegation which is descriptive of the cause of action must be proved as alleged in the pleading, and any variance therefrom is fatal unless it is waived by not calling it to the attention of the trial court, or is cured by an amendment of the pleading. Even if there are unnecessary allegations descriptive of what is material they must be

proved.'' In Chicago Union Traction Co. v. Hampe, 228 Ill. 346-348, the Billings case is cited and it is held that ''in the absence of an amendment to the declaration, a verdict for defendant should have been directed,'' there being in that case a variance between the averment of the declaration and the proof.

For the reasons indicated the judgment of the Circuit Court must be reversed and the cause remanded.

*Reversed and remanded.*