## Andrew Christensen, Appellee, v. Oscar Daniels Company, Appellant.

## Gen. No. 16,055.

1. STATUTE OF LIMITATIONS—*when new cause of action not set up.* A new cause of action is not set up by an amendment which does not in any way change the averments of the declaration as to the negligence of the defendant.

2. INSTRUCTIONS—*when giving, containing abstract proposition of*

*law, will not reverse.* An instruction which contains an abstract proposition of law if given will not reverse unless prejudice appears to have resulted.

3. Instructions—*when conclude with directions.* An instruction which d:rects a particular verdict if certain facts are found by the jury must not omit any essential fact or element.

4. Instructions—*predicated upon facts.* An instruction should be refused which is not predicated upon any facts in the cause.

5. Verdict—*when excessiveness will not reverse.* An excessive verdict will not reverse unless it appears to have resulted from passion or prejudice.

Action in case for personal injuries. Appeal from the Circuit Court of Cook county; the Hon. Richard S. Tuthill, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1912. Affirmed on remittitur on rehearing. Opinion filed April 24, 1912. Rehearing denied May 9, 1912. *Certiorari* denied by Supreme Court (Making opinion final).

Eddy, Haley & Wetten, for appellant; Charles H. Pegler, of counsel.

John A. Bloomingston, for appellee.

Mr. Justice Graves delivered the opinion of the court.

This is an appeal from a judgment of the Circuit Court for $5,000 in favor of appellee in a suit for personal injuries alleged to have been sustained by him on July 22, 1903. The case has been twice tried. The first judgment was for $2,200. That judgment was reversed by the Appellate Court because of a fatal variance between the proofs and the allegations of the declaration. The opinion of the Appellate Court in that case is reported in Vol. 142 Ill. App. 129. At the beginning of the last trial appellee by leave of court filed an amendment to his declaration by which he changed the averment that he had tripped on the "*cable*" to an averment that he tripped on the "*drum*," in other respects the amendment makes no change in the substance of the declaration. To this

amended declaration appellant interposed a plea of the Statute of Limitations. Appellee demurred to this plea, which demurrer was sustained. The action of the court in sustaining that demurrer is urged as one reason why this judgment should be reversed. There was nothing in the amendment that in any way changed the averments of the declaration, as to the negligence of appellant, or that set up a new cause of action, and the demurrer was properly sustained. Lee v. Republic Steel Co., 241 Ill. 372; City of Evanston v. Richards, 224 Ill. 444.

The charge in the declaration as amended is, in substance, that after appellant through its vice-principal had ordered appellee to go in between the two drums, connected with an engine used to operate a derrick, and to place a certain cable upon the front or larger drum that was in motion, the rear or smaller drum was, by the order of the foreman and vice-principal and without the knowledge of appellee, put in motion, and that when appellee had finished his work between the drums he undertook to step back over the back drum, which he did not know was in motion, and tripped on it, and in attempting to prevent falling he took hold of the cable on the front drum and the end of the first finger on his left hand was caught and taken off at the second joint.

It will be observed that the negligence charged is in ordering the back drum to be placed in motion while appellee was between the two drums and without his knowledge. There is no averment that the order to go in between the two drums was a negligent order, or that the place between the two drums was a dangerous place before the rear drum was put in motion, nor after it was placed in motion, so long as appellee was performing the duties which he was ordered to perform between the two drums, or that the injury was caused by the motion of the front drum. The inference from the averments seems to be that putting

in motion the rear drum rendered dangerous the act of getting out from between the two drums, when appellee's duties had been performed, and that he was injured while attempting to so get out from between the two drums, because the rear drum was in motion. The only evidence in the record that tends to show that the injury to appellee was caused by the motion of the rear drum is found in the testimony of appellee who after saying that both drums, when in motion, moved outwards from where appellee was at work, testified, speaking of the cable on the rear drum, "The wire was slack there and when I stepped over, that knocked my foot right away from me and the cable and the drum got tangled in my foot you see and I fell and that's what I put my hand out for, to defend myself." While this evidence fails to make very clear just what in fact caused appellee to fall, it is not contradicted, and we think fairly tends to show that the outward motion of the rear drum tripped appellee and caused him to fall. If it be conceded that the fall of appellee was caused by the motion of the rear drum, his right to recover depends on whether the responsibility for starting that drum can be traced to appellant.

The proof tends to show that a squad of men had been engaged in strengthening the boom of a hoisting derrick; that they were about to raise it and get it in position for use; that in doing so it was necessary to wind up on the larger of a pair of drums a cable attached to the boom; that in order to properly wind up the cable it was necessary to pound it up as it wound on the drum, so that the successive wraps of the cable around the drum would rest snugly against each other; that one Anderson was, at least for the purpose of assigning to the men the place where they should work, the foreman of that squad of men, and the vice-principal of appellant; that as such foreman he gave a general order to the men that one of them should pound up the cable on the drum, knowing, as he did so, that it

Christensen v. Oscar Daniels Co., 170 Ill. App. 59.

was the custom for the man nearest to the drum to
obey the order; that appellee was the man nearest to
the drum and that he obeyed the order; that the opera-
tion of pounding up the cable on the large drum was
usually performed by the person so employed getting
in between the two drums and using a hammer, al-
though it was sometimes done by standing outside of
the frame holding the drums and using a stick or tim-
ber; that appellee employed the first and usual method;
that while appellee was between the drums engaged in
performing the duties assigned to him, Anderson sig-
nalled the engineer controlling the engine, by which the
two drums were operated, to lower the falls or blocks;
that in order to do so it was necessary for the engineer
to start the smaller or rear drum in motion and it was
so started by him; that appellee having completed the
work of pounding up the cable undertook to get out
from between the two drums and because of the motion
of the rear drum, which he did not know, or have any
reason to know, had been started, he tripped or was
thrown off his balance and injured.  On this state of
the facts and pleadings it was for the jury to say
whether Anderson at the time he signalled to the en-
gineer to lower the falls was acting as the vice-princi-
pal of appellant or as a fellow servant of appellee.
This case has twice been submitted to a jury, and by
each verdict the jury found appellant guilty.  The
negligence alleged in the declaration being in order-
ing the rear drum that controlled the falls to be
started, these verdicts of guilty amounted to a finding
that Anderson, in giving that signal, was the vice-prin-
cipal of appellant, and that the giving of the signal
was a negligent order of appellant, and a majority of
this court are of the opinion that this court cannot
say that such finding is not fairly supported by the
evidence.

The second instruction, given on behalf of appellee,
is criticised as an abstract proposition of law; that

contested facts are assumed in it to be true; that it is misleading, and that it ignores the question of assumed risk. This instruction might well have been refused as an abstract proposition of law. The giving of such instructions has frequently been criticised and may well be, but it has never been held in this state to constitute reversible error, unless the same is calculated to mislead the jury. An instruction substantially the same as this one was passed upon in West Chicago v. Dwyer, 162 Ill. 482, the court holding it was not subject to this objection. Neither do we think it is subject to any of the objections urged to it in this case.

Appellant's refused instructions numbers four and six were properly refused. Each directed a verdict and the question as to whether the signal given by Anderson to lower the falls was under the circumstances negligent and the question whether Anderson was a vice-principal of appellant are ignored. If Anderson was such vice-principal and his order to lower the falls was negligent, then appellee could recover even if the negligence of the engineer also contributed to the injury.

Appellant's refused instruction number five was an attempt to apply the facts in the case to the doctrine of fellow servant and might well have been given, but in view of other instructions given we think its refusal does not constitute reversible error.

Appellant's refused instruction number seven was properly refused. It announces the rule that where there are two ways in which the work to be done can be performed, one less dangerous than the other, and the servant voluntarily chooses the more dangerous way, he can not recover. There is no proof that the way appellee chose to do the work was a dangerous way, or that the place into which he went to do the work was a dangerous place, when he chose the way and place in which to do the work, nor that any other way or place, was less dangerous.

Christensen v. Oscar Daniels Co., 170 Ill. App. 59.

Appellant's refused instruction number eight relates to the question of contributory negligence. This subject was fully covered by other instructions and it was not error to refuse this one.

It is contended that the verdict is so excessive as to show it to be the result of passion and prejudice on the part of the jury. Appellee had the front finger of one of his hands crushed. An attempt to save the finger by sewing it on was made, but blood poisoning set in and the finger was amputated. Blood poisoning extended to and involved the whole hand and part of the arm. An opening was made through the hand to drain from it the poison there accumulated. He was confined to a hospital for some time and was treated by a physician for a considerable time after he left the hospital. During this time he suffered much pain. After such recovery as he was able to make, his hand was left weak and he was unable to pursue the business of structural steel worker, in which he had formerly been engaged and at which he was earning $5.00 per day. He was 52 years old at the time of the injury. Since his injury he has pursued several different kinds of employment, in at least one of which he received a compensation equal to that received by him as structural iron worker.

The main permanent injury complained of is a weakening of the hand so that he cannot hold on to objects as securely as before.

While the verdict was, in our opinion, larger than mere compensation for the injuries received will warrant, we are unable to find any evidence that the jury were influenced by passion and prejudice.

If appellee will, within ten days from this date, file in this court a *remittitur* of $2,000, the judgment of the court below will be affirmed for $3,000, otherwise the same will be reversed and remanded.

*Affirmed on remittitur.*

Affirmed on remittitur (on rehearing).