John F. Devine, Administrator, Appellee, v. Chicago City Railway Company, Appellant.

Gen. No. 16,946.

1. LIMITATION OF ACTIONS—*when no new cause of action set up by additional counts.* A new cause of action is not set up by additional counts where the first counts allege injury by the sudden starting of a street car, whereby deceased was thrown from the car to the ground where the car passed over him, and the additional counts merely allege that the starting of the car brought

deceased into contact with a telegraph pole alongside the railway, whereby he was thrown from the car.

2. INSTRUCTIONS—*when record does not show tendered too late.* It cannot be said from the record on appeal that an instruction was properly refused because tendered too late, where it does not appear who placed the words "Refused Deft. Too late and not good," thereon nor at what stage of the proceedings it was tendered.

3. INSTRUCTIONS—*when will not reverse.* On action for death in a street car accident, refusal to give an instruction should not reverse where such instruction states that recovery cannot be had "merely and only because of the proximity of the telegraph or telephone to the car track" and that such fact is not alleged as a ground of recovery, especially when other instructions cover the point by stating that plaintiff cannot recover if the injury was received from a cause not stated in the declaration and that there can be no recovery if the injury was the result of mere accident.

4. PRACTICE—*when refusal to direct verdict will not reverse.* Refusal to direct a verdict on any one or more of several counts, if error, is harmless where the action is predicated on but one charge of negligence, though it is differently set forth and the declaration contains one good count.

Appeal from the Superior Court of Cook county; the Hon. BEN M. SMITH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Affirmed. Opinion filed June 4, 1912. *Certiorari* denied by Supreme Court (making opinion final).

SAMUEL S. PAGE and C. LE ROY BROWN, for appellant; LEONARD A. BUSBY, of counsel.

JAMES C. McSHANE, for appellee.

MR. JUSTICE CLARK delivered the opinion of the court.

Judgment was obtained in this case by the appellee, as administrator of the estate of John Flanley, on account of the death of said Flanley, charged to have been caused by the negligence of the appellant. The deceased was an employee of the appellant.

The day of the accident, August 30, 1908, was Sunday. The deceased had worked for eight hours during the day, and at 9:30 o'clock in the evening was injured while attempting to board a street car at the

corner of 47th street and Center avenue, in the city of Chicago, the injuries resulting in his death.

The original declaration filed contained two counts. The first alleged that the car at the time of the accident was standing still; the second that the car when the deceased attempted to board it was moving slowly. Both counts charged that while the deceased was exercising due care and caution for his own safety, the defendant wrongfully and negligently started the car forward suddenly, violently and without warning, and that as a direct result and in consequence thereof the deceased was thrown and fell from said car to and upon the track upon which it was running, and part of said car passed over deceased, causing such serious injuries that he died as a result thereof.

In December, 1909, appellee filed two additional counts. These counts were like the first and second theretofore filed, excepting that they alleged that the deceased was brought into violent contact with a telegraph or telephone pole which was standing alongside said railway, and that he was thereby thrown and fell from said car, etc.

A plea of the statute of limitations was interposed to the first and second additional counts, and a demurrer thereto filed by the appellee. The alleged error of the court in sustaining the demurrer is the first point argued by the appellant as ground for reversal of the judgment. We cannot agree with the appellant that a new or different cause of action is presented by the additional counts. If the additional counts had charged as negligence the placing of the track too near the telegraph or telephone pole, and that the negligence in so laying the track was the cause of the accident, a different question would be presented.

On behalf of appellant it is insisted that the original declaration alleges one cause of the injury and the additional counts another; that the causal connection was one of the elements constituting the cause of action, and that when plaintiff changed that element, which

was descriptive and characteristic of the cause of action, he changed its entire legal effect; that the change made by the amendment was not confined to the element of proximate cause, but extended to a change in the description of the element of negligence.

On the other hand, it is insisted on behalf of appellee that the negligence consisted in wrongfully and negligently starting the car forward, violently and without warning, whereby and as a direct result and in consequence thereof the deceased was thrown and fell from said car to and upon the track upon which it was running; that if there had been no additional counts mentioning the pole there would not have been a variance between the original counts and the proof, because the counts in which the pole is mentioned merely contain a more specific statement of the manner in which the negligent starting of the car without warning resulted in the deceased being thrown upon the track.

In our opinion the act or wrong of the appellant, as charged in the amended declaration, was the same as that charged in the original declaration, although the manner in which it resulted in the injury was stated differently in the additional counts. (Town of Cicero v. Bartelme, 212 Ill. 256; City of Evanston v. Richards, 224 Ill. 444.) We think the demurrer to the plea of the statute of limitations was properly sustained.

It is next urged that the court erred in refusing to give the following instruction:

"The court instructs you that plaintiff cannot recover in this case on the ground merely and only because of the proximity of the telegraph or telephone to the car track. That fact is not alleged as a ground of recovery in this case."

The appellee insists that the instruction was properly refused because it was not requested at the proper time. We are unable to say from the record that such was the case. It bore upon it the words, "Refused Deft. Too late and not good." We are not informed

who placed these words upon it, nor at what stage of the proceedings it was tendered. In the bill of exceptions the instruction is segregated from ten others which were refused, and it is stated that the court refused to give said instruction to the jury and marked the same "refused." It is further insisted by appellee that the instruction was properly refused because as tendered it was meaningless, the word "pole" not being inserted after the words "telephone," as was evidently the intention when the instruction was prepared; that in order to predicate error upon the refusal of an instruction the instruction must be accurate. (Flanagan v. C. C. Ry. Co., 243 Ill. 456); that the instruction selects a particular fact discounting its importance or effect, and therefore was improper (W. C. St. R. R. Co. v. Petters, 196 Ill. 298; C. C. Ry. Co. v. Lowitz, 218 Ill. 31); that the instruction, in any event, was properly refused, because it was covered by instructions Nos. 15, 16, 17 and 19, given at defendant's request.

Without discussing the technical points raised by the appellee as justifying the refusal to give the instruction, we are of the opinion that the case should not be reversed for the refusal to give it, especially in view of other instructions that were given as tendered by the defendant.

Instruction 16 is as follows:

"The court instructs you that if you find from the evidence, under the court's instructions, that deceased received the alleged injury in question, not from any cause stated in the declaration, but from any other cause whatever, the plaintiff cannot recover and your verdict should be not guilty."

Instruction 17 reads:

"If you believe from the evidence and under the instructions of the court, that the defendant was not guilty of the particular negligence charged, but that the alleged injury in question was the result of a mere

accident, then plaintiff cannot recover and your verdict should be not guilty."

These instructions were open to the criticism often made that instructions should not refer to the declaration. (Schlauder v. Chicago & So. Trac. Co., 253 Ill. 154.) However, if the jury read the declaration and understood it, as the instructions assume they would do, they must have understood that the negligence charged against the defendant was that it started the car forward, violently and without warning, and not that the negligence as charged consisted in placing the track too near the pole. By instruction 16 they were told in effect that recovery could not be based upon the proposition last mentioned.

We do not think the court erred, as charged by the defendant, in refusing to compel the plaintiff to elect upon which count or counts of the declaration he would rely, or in refusing to direct a verdict upon one or more of the counts as requested. The action, as heretofore stated, is predicated upon but one charge of negligence, although in the several counts the manner in which the result followed the negligence is differently or more specifically set forth. In any event, the refusal to direct a verdict upon the different counts or any of them, if error at all, was harmless error and not ground for reversal, the declaration containing one good count. (Scott v. Parlin & Orendorff Co., 245 Ill. 460, and cases cited therein.) We find nothing in the opinion in the case of Schlauder v. Chicago & Southern Traction Co., *supra,* cited by appellant, which in our judgment should cause a different ruling upon the point under consideration.

We have carefully considered all the evidence in the record and the arguments of counsel in relation thereto, and are unable to say that the verdict of the jury is against the manifest weight of the evidence.

From what has been said it follows that the judgment must be affirmed.

*Affirmed.*